**UNITED STATES of America**

**v.**

**Donald Edward ALLEN and John George O'Brien.**

**Crim. No. 71–589.**

United States District Court,
E. D. Pennsylvania.

Jan. 31, 1972.

Thomas J. McBride, Asst. U. S. Atty., Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., for plaintiff.

David N. Savitt, Walsh & Savitt, Philadelphia, Pa., for defendant Donald Edward Allen.

Nino V. Tinari, Lorch, Ryan, Peruto, Vitullo & Tinari, Philadelphia, Pa., for defendant John George O'Brien.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

■ The issue dealt with in this memorandum arises from a motion filed on behalf of the Government which is styled "Government's Motion for Defendants to Submit to an Examination of Certain of their Physical Characteristics" and which requests an order directing that hair samples be taken from both defendants, and that defendant Allen submit to a blood sample and an X-ray of the right arm. It is well established that use of such bodily identification evidence does not violate the privilege against self incrimination of the Fifth Amendment, Schmerber v. State of Cal., 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); nor would it violate the Due Process clause of the Fifth Amendment or the Search and Seizure clause of the Fourth Amendment for the Government to obtain it so long as lawful procedures for its production are followed. *Schmerber,* supra. The question is, can this Court order the defendants to submit to the requested sampling and X-raying on the basis of the motion before it.

■ ■ There is no provision of the Federal Rules of Criminal Procedure which would support such an order pursuant to a government motion in a criminal case. The only provision bearing on the issue is Rule 16(c), which describes the permissible scope of Government discovery in criminal cases. The Government's request in this case is clearly outside the limits set by Rule 16(c), for by the terms of 16(c) the Government may discover (when it may discover at all) only documentary and tangible evidence "which the defendant intends to produce at the trial". The Government in the instant case does not contend that either defendant intends to produce blood, hair or X-rays of any kind at trial. Rule 16(c) was intended to eliminate surprise regarding exculpatory evidence, not to force the production of incriminatory evidence.

■ There is, however, a proper and lawful procedure by which the Government may establish its right to the samples and X-rays which it seeks. That is an application for a warrant under Rule 41. The power to issue warrants for search and seizure does not terminate in a given case with the bringing of an indictment. The opinion of the Court in Schmerber, supra, at 767–770, 86 S.Ct. 1826, 16 L.Ed.2d 908 leads to the conclusion that blood, hair and other bodily components are objects to be seized only through the warrant process or one of the recognized exceptions thereto. Of course an X-ray is not actually seized from the person X-rayed, but the use of his body to make the X-ray is so seized and considering that X-rays actually penetrate the body we cannot say as a matter of law that it is less an invasion than the taking of blood. We are not dealing here with fingerprinting or other routine and relatively mild invasions of a person's bodily integrity which are normally done pursuant to an arrest. Whatever special circumstances excuse the warrant procedure in those cases are lacking in this. (See: Note, "Constitutional Limitations on the Taking of Body Evidence," 79 Yale L.J. 1074, at 1079.) Indeed the Government does not contend that it can properly take the samples and X-rays *sua sponte,* but has applied to this Court for an order. The Government should

have applied for a warrant under Rule 41.

However, even if we treat the Government's motion as an application for a warrant under Rule 41, that application must be denied. Of course, after Warden, Md. Pen. v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967) and the passage of 18 U.S.C. 3103a we need no longer torture the English language to make the things the Government seeks "instrumentalities of the crime". It is sufficient if there is probable cause to believe that the hair, blood and X-rays the Government seeks would be evidence of a crime against the United States. The Government's motion as currently written fails to establish this probable cause.

 While the existence of the indictments in this case might as a matter of law furnish probable cause to believe that on May 13, 1971 the Fidelity Bank of Folcroft was robbed by two men with handguns, and that defendants were those two men, it nowhere establishes that the requested blood, hair or X-rays are evidence of that crime. This must be done by affidavit before a warrant can issue. The Government's motion as drafted contains only conclusory allegations of insufficient detail to establish probable cause. It is based entirely on heresay but contains no surrounding facts and circumstances from which the conclusions given were drawn, and no chain of information establishing the source of the information or the reliability of that source. See Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723 (1964); Jaben v. U. S., 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965). Further, the allegations are not properly sworn to. The persons whose bodies are to be invaded have a right to these supporting affidavits, both to know on what information the seizure is based and to be able to test the validity of any warrant issued. They deserve no less because they are currently under indictment and incarcerated.

It is suggested that if the Government wishes to make application for a warrant in this or similar cases in the future, the application should be made to a magistrate in the usual way, rather than to the judge assigned to try the case. If the application is decided by the trial judge initially, then the same person who rules on the initial question of probable cause will also rule on any subsequent motions to suppress evidence for lack of probable cause. While this situation would not be constitutionally objectionable, it is a conflict to be avoided when this is reasonably practicable.

Accordingly, the motion of the Government discussed herein is denied without prejudice to any future application for a warrant under Rule 41.