OPINION OF THE COURT
Meyer, J.
The reliability of bite mark evidence as a means of identification is sufficiently established in the scientific community to make such evidence admissible in a criminal case, without separately establishing scientific reliability in each case, but subject, of course, to the establishment by foundation evidence of the authenticity of the materials used and propriety of the procedure followed in the particular case and to cross-examination intended to test the reliability of the conclusion reached in that case. The order of the Appellate Division should, therefore, be affirmed.
Defendant Middleton worked in the maintenance engineering department at Mount Sinai Hospital in New York City. His supervisor, Gladstone Scale, was found on the floor of his office on December 16, 1976 at about 9:30 p.m. and pronounced dead at 10:00 P.M. Defendant was arraigned at 9:00 a.m. the next morning on a felony complaint. Four days thereafter his attorney demanded a preliminary hearing pursuant to GPL 180.60. The hearing was several times adjourned on the representation of the People that the case was being prepared for presentation to the Grand Jury.
Autopsy made by the chief medical examiner, Dr. Dominick Di Maio, revealed five distinct bite marks on Scale’s back. Though the matter was then still pending in the Criminal Court, the People by motion returnable January 10, 1977 in Supreme Court sought an order directing defendant to submit to examination of his mouth and the making of a cast or mold by Dr. Lowell J. Levine, a dentist associated with the office of the chief medical examiner. Defendant’s attorney opposed that motion on the grounds that the Supreme Court was without jurisdiction, that the People had failed to establish probable cause to believe defendant had committed the crime, and that the examination and casting would violate defendant’s Fifth Amendment rights. Those objections having been overruled, the examination and casting took place and the Grand Jury after presentation to it *46 of that as well as other evidence indicted. A motion addressed to the sufficiency of the Grand Jury minutes was then made and denied for failure to make the requisite factual showing that there was reasonable cause to believe the evidence before the Grand Jury insufficient. Several months thereafter, defendant’s attorney sought suppression of admissions made by defendant in a statement to the District Attorney during the early morning hours of December 17,1976, and, after hearing, that motion was denied. No pretrial motion for suppression of the bite mark evidence was ever made.
During the course of the trial defendant argued for suppression of the casts of defendant’s teeth on the ground that the order for the taking of them violated defendant’s “Fifth and Fourteenth Amendment rights against self-incrimination”, for a hearing with respect to the reliability of testimony concerning bite marks and for the exclusion of Dr. Levine’s testimony' on the latter ground. At the end of the People’s case defendant moved to strike Dr. Levine’s testimony on the ground that it lacked scientific validity, and to dismiss the indictment for insufficiency of evidence on the ground that Dr. Levine’s testimony should not have been submitted to the Grand Jury. The Trial Judge ruled that no hearing on reliability was required in light of decisions and literature on the subject, that the suppression motion was governed by the order for examination of defendant and the taking of a cast as the law of the case, and the sufficiency of the indictment, by the denial of so much of the omnibus motion as sought inspection of the Grand Jury minutes.
Convicted of manslaughter in the first degree after a jury trial, defendant appealed to the Appellate Division, First Department, which, affirming the suppression court’s findings, held defendant’s statements to the District Attorney voluntary, and the bite mark order proper nothwithstanding that there had not yet been a preliminary probable cause hearing or an indictment, because defendant was under arrest and in custody, his arrest having been based upon evidence and information which clearly amounted to probable cause to arrest. On appeal by permission to this court defendant argues, with respect to the bite mark evidence, *47 (1) that the Supreme Court was without jurisdiction to make the order requested, (2) that the order was in any event improper absent a showing of probable cause, and (3) that in any event the evidence should have been excluded because its reliability had not been established either generally or with respect to the comparisons to which Dr. Levine testified. For the reasons hereafter stated, we disagree with the first and third contentions, and find that the second was not properly preserved.
I
When the application was made for an order permitting examination and the taking of bite impressions, defendant had been arraigned and preliminary hearing had been adjourned for presentation of the matter to the Grand Jury. The Supreme Court has the authority to issue an order in furtherance of a Grand Jury investigation even though no arrest or indictment has yet occurred (Matter of District Attorney of Kings County v Angelo G., 48 AD2d 576, app dsmd 38 NY2d 923; see People v Perri, 72 AD2d 106, 112, affd 53 NY2d 957). Nor was it ousted of jurisdiction because defendant had been arraigned in Criminal Court, for CPL 10.10 (subd 3, par f) recognizes the authority of a Supreme Court Justice to sit “as a local criminal court”, subdivision 3 of section 10.30 of that law gives a superior court Judge sitting as a local criminal court preliminary jurisdiction, and subdivision 2 of that section makes the preliminary jurisdiction of a local criminal court “subject to divestiture thereof in any particular case by the superior courts and their grand juries.” Whether the Supreme Court order be regarded as made by that court sitting as a local criminal court or by a superior court in aid of a Grand Jury proceeding it was, therefore, properly made.[1]
II
The People advance several reasons why the Fourth *48 Amendment issue is not properly before us. They argue first from the fact that defendant was arraigned and held without bail and the presumption of regularity that, defendant having failed to supply the arraignment minutes, it must be presumed that probable cause was found on arraignment. The difficulty with that argument is that the People do not contest that a preliminary hearing request was made after arraignment and was adjourned rather than denied as it would have been had probable cause been found as the result of an evidentiary hearing at arraignment.
More fruitful is the People’s second argument that, though, as defendant’s motion to suppress his statements shows, he was familiar with the general rule (CPL 710.40) that a motion to suppress evidence be made prior to trial, no such motion was here made. Though CPL 710.40 (subd 4) permits such a motion to be made during trial under proper circumstance and defendant did, just before Dr. Levine testified, move to suppress the bite mark evidence, he did so on Fifth Amendment grounds and made no mention of probable cause or the Fourth Amendment. Defendant seeks to circumvent that omission by pointing to his objection, made to and tacitly overriden by the Judge who heard the motion to examine and take impressions of his mouth, that the court was without authority to grant such an order until probable cause had been shown. That ruling, says defendant, became the law of the case and preserved the Fourth Amendment issue for him. The short answer is that by failing to challenge the admissibility of the bite mark evidence on Fourth Amendment grounds, defendant waived any objection on that score. The purpose of the procedure established by CPL article 710 is not only to protect the defendant against the use against him of illegally obtained evidence but also to give the People the opportunity, by showing the information in the possession of the police at the time the evidence was obtained, to contest the claim of illegality. Had defendant sought by pretrial motion (and even during trial, if the Trial Judge found the delay not unreasonable) to suppress the evidence on Fourth Amendment grounds and had the suppression Judge then ruled *49 that the earlier ruling was the law of the case, the issue would have been preserved, not because of the contention advanced on the prior motion, but because it had been again advanced with respect to the admission of the evidence. But a defendant may not, having failed to object to the admission of evidence on Fourth Amendment grounds, point to the fact that the issue had been raised in some other context earlier in the proceeding as preserving the evidence question (see People v Miguel, 53 NY2d 920, 922; People v Gates, 24 NY2d 666, 670). To hold otherwise would lend an unwarranted degree of gamesmanship to the trial process.
Ill
Identification through configuration of and marks upon teeth has long been permitted in New York (Lindsay v People, 63 NY 143, 152 [1875]). Bite mark evidence, however, requires comparison of impressions made upon a victim’s body with a suspect’s dentition as a means of identifying him as the perpetrator of a crime. Defendant argues that the procedure, while it may be a valid means of excluding suspects from consideration, has not been sufficiently accepted by the scientific community to permit its use as a means of identifying a perpetrator.[2] But the test is not whether a particular procedure is unanimously indorsed by the scientific community, but whether it is generally acceptable as reliable. The techniques employed (photography, freezing of tissue specimens, the taking of dental molds, visual observation) are accepted and approved by the majority of the experts in the field (see, e.g., Beckstead, Ronson & Giles, Review of Bite Mark Evidence, 99 J Am Den Assn 69 et seq.; Harvey, Dental Identification and Forensic Odontology [1976]; and MacDonald, Bite Mark Recognition and Interpretation, 14 J Forens Science Soc 229 [1974]; cf. Moenssens & Inbau, Scientific Evidence in Criminal Case, ch 16 [2d ed, 1978]). The reliability of the procedures has, moreover, been accepted by *50 all of the appellate courts that have addressed the issue (see, e.g., State v Garrison, 120 Ariz 255; People v Slone, 76 Cal App 3d 611; People v Watson, 75 Cal App 3d 384; People v Marx, 54 Cal App 3d 100; People v Milone, 43 Ill App 3d 385; Niehaus v State, 265 Ind 655, cert den 434 US 902; State v Peoples, 227 Kan 127; State v Kleypas, 602 SW2d 863 [Mo]; State v Sager, 600 SW2d 541 [Mo], cert den 450 US 910; State v Temple, 302 NC 1; State v Routh, 30 Ore App 901; United States v Holland, 378 F Supp 144, affd sub nom. Appeal of Ehly, 506 F2d 1050, cert den sub nom. Ehly v United States, 420 US 994; State v Jones, 273 SC 723; Patterson v State, 509 SW2d 857 [Tex]; and see Ann., 77 ALR3d 1122). It was not error, therefore, for the Trial Judge, without a hearing concerning the scientific principles involved, to hold the evidence generally reliable (People v Magri, 3 NY2d 562, 566).
The only remaining question, then, is whether the accepted techniques were employed by the experts in this case in reaching the conclusion that the bite marks on the decedent’s back were made by defendant’s teeth. Dr. Di Maio testified that there were fresh hemorrhages beneath the bite marks on Scale’s back indicating that they had been made no longer than three hours before death, that he first photographed and measured the bite mark areas and then removed the skin and nailed the pieces to a board in conformance with the measurements taken and placed them in a deep freeze. Approximately one week later, when Dr. Levine examined the specimens, Dr. Di Maio found little or no variation in the specimens before and after freezing.
Dr. Levine testified, with a reasonable degree of medical certainty, that the bite wounds had been inflicted by defendant. Conceding that the accuracy of the comparison could be affected by the quality of the specimen, the number of marks on the skin and distortions in the skin, Dr. Levine noted that segments of the 12 teeth identifiable from the five wounds were perfectly consistent with defendant’s teeth, that indeed he could find no inconsistency despite the fact that teeth have unique characteristics of arrangement, shape, angle and size, and that the odds against the characteristics found identifying defendant *51 being duplicated in any other person’s mouth were “astronomical”. While the weight of that evidence was, of course, for the jury there clearly was proper foundation for its admissibility.
For the foregoing reasons, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones and Wachtler concur; Judge Fuchsberg taking no part.
Order affirmed.

. He points to Glaister, Medical Jurisprudence and Toxicology (13th ed, 1973) ; Fernhead, Factors for Forensic Odontology (1 Med Science Law 273); and Note, Admissibility of Bite Mark Evidence (51 So Cal L Rev 309), in this respect.