OPINION OF THE COURT
Julian F. Kubiniec, J.
Pursuant to an order to show cause, the People seek an order directing Joanne S. Corlett to appear before the prosecution’s office and provide specimens of her handwriting.
In opposition, defendant submits an affidavit of her attorney wherein he notes that no criminal proceeding has yet been instituted against his client and argues that this court is without statutory authority or jurisdiction to force his client to submit handwriting exemplars thereby physically creating evidence which may be used against her.
*163 In making its application, the People have submitted a copy of Ms. Corlett’s November 25, 1987 statement to Amherst Police Detective Wik wherein she acknowledges, in sum, that she had been employed as a bookkeeper for M. J. Peterson Sales Corp., that she had a need for cash, that for almost a year she had been drafting checks to her name, forging Assistant Comptroller Arnold Wylke’s name on each check and cashing these checks at Key Bank. The People also submit a copy of Mr. Wylke’s December 2, 1987 statement which notes that an audit of an account for which Ms. Corlett was responsible disclosed many unauthorized checks made payable to her and that his signatures thereon appear to have been forged.
The People acknowledge that no criminal nor Grand Jury proceedings are currently pending against Ms. Corlett and that, therefore, CPL 240.40 (2) (b) (vi) is inapplicable. However, as authority for the requested order the People rely upon the decisional law found in Matter of Special Prosecutor (Onondaga County) v G. W. (95 Misc 2d 298 [1975]) and Matter of District Attorney of Kings County v Angelo G. (48 AD2d 576, appeal dismissed 38 NY2d 923 [1976]).
Upon review we note that, although the Court of Appeals in Angelo G. (supra) found that the appellate court was without authority to review the order of Supreme Court and directed that the appeals taken be dismissed, in People v Middleton (54 NY2d 42, 47 [1981]) the Court of Appeals nevertheless cited Angelo G. as authority for the proposition that "The Supreme Court has the authority to issue an order [to authorize the taking of nontestimonial evidence] in furtherance of a Grand Jury investigation even though no arrest or indictment has yet occurred”. However, both this pronouncement and the supposed power of section 2-b of the Judiciary Law relied upon by the court in G. W. (supra) were set aside by the Court of Appeals in Matter of Abe A. (56 NY2d 288, 293-294 [1982]): "while in many States statutes or rules authorize their courts to compel a person whose status is no more than that of a suspect to supply nontestimonial evidence * * * our Criminal Procedure Law does not. And, absent express authorization, we have not favored importing such power by implication * * * Nor, therefore, are general enactments, such as section 2-b of the Judiciary Law to be construed to fill any supposed void * * * Rather, we are as one with the Michigan Court of Appeals, which, when confronted with a like issue, graphically put it that 'there is no such "animal” in this jurisdiction as a *164 court order authorizing the detention of a suspect for the purpose of a search’ Adding in a footnote: "Our decision in People v Middle (54 NY2d 42, supra) is not to be read as authority for such orders. There the criminal proceeding already had been commenced, so the order was issued against one who already was a defendant. In this circumstance, CPL 240.40 (subd 2, par [a]) would appear to authorize the issuance of such an order.” (Supra, at 294, n 2.) Nevertheless, the Court of Appeals did not leave the People without a remedy to obtain necessary, relevant nontestimonial evidence:
"As Marshall also observes, however, equivalent judicial authority may be exercised under a court’s power to issue a search warrant (69 Mich App, at p 300). Nomenclature notwithstanding, if the application and the relief comport with all the requisites of a search warrant, it may be taken for what it is (id., at pp 300-302; United States v Allen, 337 F Supp 1041; Mills v State, 28 Md App 300, 307; cf. Schmerber v California, 384 US 757, 770).
"So perceived, CPL 690.05 (subd 2) fits the search warrant bill.” (Supra, at 294.)
Interestingly, although an application for a search warrant is normally made without notice to any suspect and the search completed upon execution, the Court of Appeals further noted that when the seizure of the person is " 'necessary to bring him into contact with government agents’ [citing United States v Dionisio, 410 US 1, 8] * * * when there is no danger of imminent destruction of the evidence for the procurement of which a person is to be detained * * * it is an elementary tenet of due process that the target of the application be afforded the opportunity to be heard in opposition before his or her constitutional right to be left alone may be infringed” (supra, at 295-296).
As the People have chosen to proceed by order to show cause notice and opportunity to be heard has been provided to the suspect herein, who has responded through counsel without raising any issue of fact supported by sworn affidavit sufficient to challenge either the People’s prima facie showing of probable cause to believe that this suspect has committed the crimes of larceny and forgery or the relevance of the handwriting exemplars. On the papers before it, this court is, however, unable to conclude that a less intrusive review by the People of the records of the M. J. Peterson Sales Corporation is either not possible or, though possible, would not *165 otherwise disclose the very handwriting exemplars sought by the People. (See, Matter of Abe A., supra, at 291; People v Perri, 72 AD2d 106, 112 [1980].)
Leave to advance this position by affidavit is, therefore, given to the People with a further opportunity for counsel for the suspect to respond within one week of receipt of the People’s affidavit. Upon such a showing and upon this court’s finding herein, that probable cause exists to believe this suspect has committed one or more serious crimes and that the nontestimonial evidence sought is both relevant and important to the People’s investigation, a search warrant will issue commanding the seizure of Joanne S. Corlett and production of her before the District Attorney’s office for a rendering, before an expert, of the requested exemplars. Lastly, the court wishes to advise both the suspect and her defense counsel that the failure of Ms. Corlett to comply with the affirmative direction of the search warrant will require this court to charge any empaneled trial jury hearing this matter that they are permitted, although not required, to infer that had she provided the handwriting exemplars they would not be favorable to her defense.