**UNITED STATES of America**

v.

**Oliver L. NORTH.**

**Crim. No. 88–0080–02.**

United States District Court,
District of Columbia.

Dec. 23, 1988.

MEMORANDUM AND ORDER RE
DEFENDANT'S THIRD CIPA
NOTICE (TESTIMONY)

GESELL, District Judge.

■ The Classified Information Procedures Act, 18 U.S.C. App. ("CIPA") applies

to classified testimony as well as to classified documents. Classified information is defined in Section 1 of that Act as including "information and material" subject to classification or otherwise requiring protection from public disclosure. Information, of course, includes knowledge derived from one's work experience and hence, proposed testimony falls under the restrictions of CIPA.

Pursuant to the Court's pretrial responsibilities under CIPA, it directed North on November 23, 1988 to file a written statement of relevant and material testimony he expects to disclose or cause to be disclosed in his defense.[1] North responded, over objection, attaching a Warning Notice[2] to a narrative statement of classified information he desires to use or present at trial. This document consists of 162 typewritten pages and, as directed by the Court, was filed *ex parte* under seal.

The Court now confronts a need to disclose this narrative to Independent Counsel for pretrial processing as required by Sections 5 and 6 of CIPA—a course of action which North vigorously resists on the ground that this requirement is unconstitutional and violates his rights under the Fifth and Sixth Amendments.

The Court has closely examined the narrative statement in the light of its knowledge of the issues and proof gained over approximately ten months of intense pretrial activity. The nature of the notice is indicated below:

(1) A substantial portion of the narrative statement contains relevant and material facts and information of value to the defendant, which may be presented eventually in testimony or which may be used during cross-examination of government witnesses.

(2) Some of the facts noted in the narrative statement are known to Independent Counsel and some are immaterial. However, the statement contains references to many pertinent facts and circumstances which the Court believes are likely to alert Independent Counsel to aspects of issues not previously brought to his attention.

(3) The narrative statement, while somewhat evidentiary in character, does not indicate which individuals mentioned will be witnesses, nor does it develop in any detail how most the facts mentioned will be proven.

(4) The narrative statement does not tie the information to any particular count in which North is charged or undertake to support statements by documentation found in North's own case or in papers disclosed to him by the government during the elaborate documentary discovery.

(5) The narrative statement is by its very nature only partially revealing because it makes no reference, of course, to related nonclassified proof which could place the classified information noticed into clearer perspective or significance.

(6) The narrative statement does not commit North to call any witness and does not identify any witnesses.

(7) In no way does the narrative represent, directly or indirectly, that North himself will or will not testify; when he may testify, if he does; or what he would testify about if he were to testify.

■ Given these circumstances, the Court has determined that immediate processing of the narrative statement under CIPA is appropriate for several major reasons.

A. CIPA mandates pre-trial disclosure. Under the Act it is necessary to inform the government of the extent to which sensitive classified information is likely to be revealed during trial (whether through testimony, cross-examination or opening statement) so that both Independent Counsel and the Attorney General can perform their separate responsibilities under Section 6 of CIPA. *See, Memorandum and Preliminary Opinion Re CIPA*, filed June 22, 1988 at 15, 16.

---

1. This and prior Orders have also led to processing of the classified material in North's documentary case.

2. Appendix A to this Memorandum.

B. CIPA's required pre-trial disclosure to Independent Counsel cannot be modified because this is not a case where limited classified information is only an incidental part of the case and disclosure could perhaps be deferred. Rather, in this instance classified information surrounds and immerses the entire case for both sides.

C. Trial is set to commence January 31, 1989.

North's constitutional claims lack merit. No further hearing is necessary. North has previously briefed the issues and there has been full argument in connection with his motion to declare CIPA unconstitutional on its face and as applied.

■ As to the Fifth Amendment due process claim, modern pretrial practice in complex criminal cases contemplates extensive pretrial disclosures by the parties in the interests of ascertaining the truth. Recent decisions of the Supreme Court as well as the Federal Rules of Criminal Procedure make this abundantly clear. *See, e.g., United States v. Nobles*, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975); *Wardius v. Oregon*, 412 U.S. 470, 473, 93 S.Ct. 2208, 2211, 37 L.Ed.2d 82 (1973); Fed.R.Crim.P. 12.1, 12.2, 16, 32(c)(3)(A), (C). North has had access to approximately 900,000 pages of government documents; the classified documents the government will use against him have been identified, as have the witnesses; and North will receive all Jencks material, including grand jury testimony, two weeks before trial. The prosecution has recently filed several memoranda narrowing the issues in the case and explicating some aspects of its theory of the case. In addition, over several days of CIPA § 6 hearings, at which defense counsel were present, the Independent Counsel explained the significance to its theory of the case of many of the classified documents in its case-in-chief, and Independent Counsel responded frankly to the Court's numerous inquiries about its case. The Court cannot accede to North's view of due process that he is entitled to get everything and to disclose nothing. Due process is an even-handed concept and this claim is rejected.

■ As to North's Sixth Amendment claim, disclosure involves no significant interference or substantial prejudice to North's right to the effective assistance of counsel. His attorneys are still free to call or not to call any witness and equally free to determine what questions to ask or not to ask. The tactical disadvantage that may accrue by minimizing surprise is slight. Government witnesses cannot readily adjust or coordinate their testimony to meet the defense, as North suggests, because they are committed under oath and otherwise to their positions. Moreover, the federal courts have long recognized that a degree of defense disclosure is necessary to prevent introduction of vital or unexpected proof, which has a tendency to force adjournment delay to permit investigation or to resolve new legal problems presented. *Williams v. Florida*, 399 U.S. 78, 80–86, 90 S.Ct. 1893, 1895–1898, 26 L.Ed.2d 446 (1970). It is the Court's obligation to assure issues are delineated before trial commences. *See*, Fed.R.Crim.P. 17.1. The fact that the alleged violations in this instance occurred behind the screen of classification over a period of time should not place this defendant in any different position; indeed, it enhances the need for pretrial disclosure by the defense.

North has by his Warning Notice apparently anticipated this ruling and has indicated he desires to seek relief by some kind of application to the Court of Appeals. The Court has given no consideration to the merits, or lack of merit, of such an application. It will, however, delay transmitting the narrative statement to Independent Counsel.

Accordingly, defendant North and his counsel are hereby notified that the narrative statement will be transmitted to Independent Counsel under seal by 4:00 p.m. on January 3, 1989 for processing by Independent Counsel and consideration by the Attorney General, where appropriate under CIPA. Independent Counsel shall submit proposed redactions and substitutions *in camera* on or before January 11, 1989.

SO ORDERED.

APPENDIX

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
COLUMBIA

United States of America

v.

Oliver L. North, Defendant.

Criminal No. 88–0080—02–GAG

(EX PARTE, UNDER SEAL)
(CONTAINS CLASSIFIED
INFORMATION)

WARNING NOTICE

THIS PLEADING CONTAINS DE-
FENSE WORK PRODUCT PROVIDED
TO THE COURT ONLY OVER DE-
FENSE OBJECTIONS.

DEFENDANT OBJECTS TO ANY RE-
PRODUCTION OR DISCLOSURE OF
THE CONTENTS OF THIS WORK
PRODUCT. DISCLOSURE WILL VIO-
LATE DEFENDANT'S CONSTITU-
TIONAL RIGHTS.

DISCLOSURE OF CRIMINAL DE-
FENSE WORK PRODUCT ON THIS
SCALE EVEN TO THE COURT IS UN-
PRECEDENTED.

DEFENDANT REQUESTS NOTICE
AND AN ADEQUATE OPPORTUNITY
TO BE HEARD (BOTH IN THIS
COURT AND BY MANDAMUS OR AP-
PEAL) PRIOR TO ANY DISCLOSURE
OF THE CONTENTS OF THIS FILING.

DEFENSE WORK PRODUCT PROVIDED
OVER OBJECTION. REPRODUCTION
OR DISCLOSURE WILL VIOLATE DE-
FENDANT'S CONSTITUTIONAL
RIGHTS.