**UNITED STATES of America**

v.

**Udo W. KLOEPPER.**

**Cr. No. 89–217–K.**

United States District Court, D. Massachusetts.

Nov. 7, 1989.

---

Owen Walker, Federal Defender's Office, Boston, Mass., for defendant.

Susan Via, for the U.S.

## MEMORANDUM AND ORDER

KEETON, District Judge.

This case is before the court on defendant's request for review of the magistrate's order of October 5, 1989 requiring defendant to provide a handwriting exemplar and to submit to the taking of fingerprints and palmprints before trial. The exemplar was requested in order to provide a standard of comparison by which an expert can determine if the defendant wrote or signed certain writings. The prints were requested in order to permit an expert to compare them with certain unknown prints to determine whether the defendant was associated with certain items in the case. Motion for Non–Testimonial Evidence at 1.

Defendant raises no Fourth or Fifth Amendment objections to this order, and it is well settled that a defendant can be compelled to produce such evidence. *See United States v. Dionisio,* 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973); *United States v. Mara,* 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99 (1973). Rather, defendant argues that absent authority by statute or rule, the court is without power to make such an order, and cites *In re Melvin,* 546 F.2d 1 (1st Cir.1976). I conclude, as did the magistrate, that *Melvin* does not support this contention. The petitioner in *Melvin* had been subpoenaed by a grand jury and ordered to submit to having his fingerprints and photographs taken. When he refused, the United States Attorney obtained a court order compelling him to submit. The petitioner's objection was not to that order but to a later order of the district court, issued *ex parte* on motion of the United States Attorney and without a showing of probable cause, requiring petitioner to participate in a lineup. The Court of Appeals for the First Circuit concluded that the district court's power to order a witness to comply with a grand jury directive did not provide a basis for an order issued only on motion of the United States Attorney, and that the order could only originate with the grand jury. Before reaching this conclusion, the *Melvin* court also considered "whether apart from acting in aid of a grand jury, the [district] court might have had power on its own to order an unarrested subject to appear in a lineup." *Id.* at 2. Noting that no rule of court or statute conferred such authority, the court stated:

> The issue thus boils down to a district court's "inherent authority" to compel someone in these circumstances to give identification evidence, and that question is intermingled with the question of the constitutionality of such an order, which must, of course, comply with the fourth amendment. Commonly the fourth amendment is construed to require a showing of probable cause as a precondition to the issuance of judicial process authorizing involuntary searches and seizures.

*Id.* However, the court determined it need not decide the "inherent authority" question because the government had not sought to justify the order on those grounds.

I do not read this discussion in *Melvin* to say, as defendant suggests, that a court is without inherent authority to order the production of identification evidence and may only so order if authorized by statute or rule. I note, first, that the concerns in *Melvin* about lack of probable cause are

not present in this case. The grand jury has already indicted the defendant, finding that there is probable cause to believe that he committed the crimes with which he is charged. The circumstances of this request also indicate that probable cause exists to authorize production of the evidence now sought by the government. *Compare United States v. Allen,* 337 F.Supp. 1041 (E.D.Pa.1972) (denying government's request for identification evidence from defendants because government's motion failed to establish probable cause). Moreover, this court, in reviewing a magistrate's order, should not set aside that order when an implicit finding of probable cause to order production of the evidence is not clearly erroneous. Rule 2, Rules for United States Magistrates in the United States District Court for the District of Massachusetts.

There is little precedent on the question of a court's authority to issue an order like the one challenged in this case, perhaps because there is a consensus among the bench and bar that such orders are proper. *Cf. United States v. Melucci,* 888 F.2d 200, 203 (1st Cir.1989). It is true that the magistrate's order in this case is for production of a type of evidence not specifically described in the discovery provisions of Fed. R.Crim.P. 16, or in Local Rule 42, providing for automatic discovery in criminal cases in this district. However, one court considering this question of authority rejected a defendant's argument that Fed.R.Crim.P. 16 limited the court solely to the specific discovery orders set forth in that rule. *United States v. Bender,* 331 F.Supp. 1074 (C.D.Cal.1971). The court noted that

> [p]rior to the first promulgation of the Criminal Rules in 1946, Federal criminal procedure in the District Courts grew out of the inherent power of the Courts to develop their own procedure. The Federal Rules of Criminal Procedure were not designed to and do not entirely supplant this fundamental authority and residual power of the Court. It has long been held that the Federal Courts possess the inherent power to order discovery and inspection.

*Id.* at 1075. The court observed that this theory of inherent power had actually been incorporated in Fed.R.Crim.P. 57, which at that time provided that "if no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules or with any applicable statute." (The comparable language in the present Rule 57 is "[i]n all cases not provided for by rule the district judges and magistrates may regulate their practice in any manner not inconsistent with these rules or those of the district in which they act.") The court found no inconsistency between the order sought by the government for physical examination of the defendant and any rule or statute. The defendant, by his plea of not guilty to charges of conspiring to evade service in the armed forces by providing allegedly false information regarding his physical condition to his draft board, had placed his physical condition in controversy.

An earlier case reached a similar conclusion that

> to the extent that Rule 16 does not express a policy prohibiting discovery not explicitly authorized by the Rules, the court is free, either by local rule or by adjudication, to permit discovery on the basis of its inherent power. The question as to when the court should permit this discovery is essentially one of policy, not of power.

*United States v. Taylor,* 25 F.R.D. 225, 228 (E.D.N.Y.1960) (permitting defendants to inspect and analyze the narcotic drug they were charged with selling, a type of discovery not explicitly authorized by the Rules at that time). *See also United States v. Lincoln,* 494 F.2d 833 (9th Cir. 1974) (upholding, without discussion as to basis of authority, district court's granting of government's motion to compel defendant to produce handwriting exemplars, made shortly before originally scheduled trial date). *But see United States v. Allen, supra* (concluding that Fed.R.Crim.P. 16 did not support an order pursuant to a government motion to obtain identification evidence from defendants and that the proper procedure was application for a warrant under Fed.R.Crim.P. 41).

Authority for the magistrate's order in this case can also be found in the provisions of Fed.R.Crim.P. 17(c), by which the court may permit either the United States or a defendant to inspect subpoenaed documents or objects at a time before trial. "[A] subpoena may issue for the production of documentary evidence and of objects without also calling for testimony." 2 Wright *Federal Practice and Procedure: Criminal 2d* § 274 at 151. The court in *United States v. McKeon,* 558 F.Supp. 1243, 1244–45 (E.D.N.Y.1983), used Rule 17(c) as its authority for ordering the wife of a defendant to provide handwriting exemplars before trial. The court found that the evidence sought was relevant and material to the government's conspiracy charge against the defendant and was made in good faith. The court determined that the government's alternative means of obtaining the exemplars—subpoenaing the defendant's wife to the witness stand and having her give exemplars then, or impaneling another grand jury, declaring that she was a subject, and having the grand jury subpoena her exemplars—would only cause further delay of the trial.

I conclude that the magistrate's order requiring defendant to provide handwriting exemplars, fingerprints, and palmprints was a proper exercise of authority, both under the court's inherent power to permit discovery not described in Fed.R.Crim.P. 16 and under Fed.R.Crim.P. 17(c).

## ORDER

For the foregoing reasons, it is ORDERED:

Defendant's request that this court vacate the magistrate's order of October 5, 1989 is denied.