UNITED STATES of America, Plaintiff,

v.

**Nick LoBUE, Defendant.**

**No. 91 CR 133.**

United States District Court,
N.D. Illinois, E.D.

April 8, 1990.

Fred Foreman, U.S. Atty. by Chris Gair, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Michael Monico, Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

Two government motions are before the court. The government brings a rare motion for discovery and a motion to admit evidence under Fed.R.Evid. 404(b). Defendant Nick LoBue has not filed a response to either motion. For the reasons below, the court grants the government's motion for discovery and its motion to admit 404(b) evidence.

### I. Motion for Discovery

■ The government has requested that defendant disclose a variety of documents and tangible objects. These items include all documents pertaining to the purchase, ownership or storage of the jewelry described in the indictment, any jewelry similar to that described in the indictment and/or any jewelry purchased with the check issued by Aetna Insurance; all documents pertaining to the sale or other disposition of the jewelry described in the indictment; and the actual items of jewelry described in the indictment and/or any jewelry items similar to that described in the indictment or the remaining parts of such jewelry. Pursuant to Fed.R.Crim.P. 16(b)(1)(A), a defendant must allow the government to inspect or copy items, including documents and tangible objects, in the defendant's control if the defendant has requested disclosure from the government. Here, LoBue made no formal discovery requests. Yet, the government represents that on March 5, 1991, it turned over to LoBue all documents in its possession. The government further represents that it requested reciprocal discovery at that time. Based on these representations, the court can conclude that "[t]he government's voluntary turnover of desired material to defendant [was] based upon the implied condition that the defense would reciprocate, if necessary, at a later date." United States v. Estremera, 531 F.2d 1103, 1113 (2d Cir.), cert. denied, 425 U.S. 979, 96 S.Ct. 2184, 48 L.Ed.2d 804 (1976). Under Fed.R.Crim.P. 16(b)(1)(A), a defendant need only disclose those items which are in his possession and which he intends to introduce as evidence in chief at his trial. Production of those items in this case does not appear too burdensome. Therefore, LoBue is ordered to disclose those documents and tangible objects requested by the government, but only to the extent that they are in his control and he intends to use them in his case-in-chief.

### II. Motion to Admit Evidence under Fed.R.Evid. 404(b)

■ Additionally, the government seeks to admit evidence of other acts under

Fed.R.Evid. 404(b). The government wishes to introduce evidence that defendant LoBue filed an insurance claim with Cigna Insurance Company in 1985 in connection with a jewelry theft. The government claims that this act should be admitted to show knowledge, motive and/or absence of mistake. Prior act evidence may be admitted where (1) the evidence establishes a matter other than the defendant's propensity to commit the crime charged; (2) the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient for a jury to find that the defendant committed the similar act; and (4) the probative value of the evidence is not outweighed by the danger of unfair prejudice. *United States v. Penson,* 896 F.2d 1087, 1091–1092 (7th Cir.1990). The court agrees with the government's assertion that the evidence it seeks to admit in this case establishes a matter other than defendant's propensity to commit the crime charged. LoBue's previous dealings with an insurance company in connection with a jewelry theft could certainly show his knowledge of insurance claim procedures. The court, though, refuses to take the government's argument one step further and infer motive from the fact that LoBue has previously been the victim of a jewelry theft and filed an insurance claim. Nor does the court believe that the circumstances surrounding the prior jewelry theft and corresponding insurance claim show the absence of mistake for the crime charged. The only matter upon which the insurance claim evidence bears, then, is knowledge.

The other factors are also satisfied by the evidence of a prior insurance claim. LoBue filed an insurance claim with Cigna Insurance Company in February 1985 in connection with a burglary where jewelry and cash were taken. That filing was similar to the insurance claim in this case and close enough in time to the August 1986 filing in this case to be relevant. And, based on the government's offer of proof regarding the 1985 claim, it appears that there is sufficient evidence to support a finding that defendant made the prior filing. Lastly, the court finds that the proba-

tive value of the evidence is not outweighed by the danger of unfair prejudice. In its brief, the government states that it will not suggest that the filing of the 1985 insurance claim was a bad or fraudulent act. The government merely will contend that the act of filing occurred. Therefore, the prejudice is minimal and does not outweigh the probative aspects of the evidence. Accordingly, the government may present evidence of LoBue's previous filing of an insurance claim for purposes of establishing knowledge.

IT IS SO ORDERED.