**UNITED STATES of America**

v.

**Leo DAILEY, James Fraza and Scott Fraza.**

**Cr. No. 93–098 P.**

United States District Court, D. Rhode Island.

May 17, 1994.

---

spiracy to make false statements to a federally insured financial institution and to commit bank fraud and mail fraud. The indictment alleges that the defendants defrauded Coventry Credit Union and an individual named George DuPont by obtaining a $160,000 real estate acquisition loan based upon the false representations that the purchase price for the property was $205,000, whereas in fact, the price was $120,000. Allegedly, Leo Dailey acted as the attorney for the borrower as well as the credit union and knowingly prepared a false closing statement.

On October 29, 1993, the defendants were arraigned. At that hearing, defendants raised oral objections to the Court's entry of the Standard Arraignment and Pretrial Discovery Order (hereinafter "Standard Order"). On November 2, 1993, the Standard Order was entered with respect to each of these defendants. On November 5, 1993, Mr. Dailey filed a formal motion objecting to the order. On November 16, 1993, Mr. Dailey filed a subsequent motion to vacate the Standard Order. It is this motion which is now before the Court for consideration.

Mr. Dailey has not requested discovery from the government and has filed a "waiver" stating that "defendant ... waives any right to disclosure he may have under the standard arraignment and pretrial discovery order." Memo. and order of Magistrate–Judge Boudewyns (hereinafter "Memo. and Order") at 2. The Standard Order provides for discovery within eight days of arraignment "unless within the eight day period the party entitled to disclosure shall file with the clerk a waiver thereof." Standard Order at 1. Mr. Dailey claims that because of this waiver the Court may not require him to produce documents to the government. He bases his argument on Rule 16 of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments. The government argues that it is still entitled to discovery regardless of Mr. Dailey's waiver. Because I agree with Mr. Dailey's first argument, I need not reach the constitutional claims.

Ira Belkin, Asst. U.S. Atty., Providence, RI, for plaintiff.

Robert B. Mann, Providence, RI, for defendant Dailey.

### MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

Defendant Leo Dailey has filed a motion to be relieved from the obligations of this court's uniform discovery order. Mr. Dailey argues that this court has no authority to order him to disclose expert reports and trial exhibits in advance of trial unless he initiates a request for discovery from the government. Magistrate–Judge Boudewyns denied the motion and Mr. Dailey appeals that denial. For the reasons set forth below, the motion is granted.

### I.

On October 8, 1993, defendants Leo Dailey, James Fraza and Scott Fraza were charged in a four count indictment with con-

### II.

Mr. Dailey argues that "there is no basis upon which to impose a discovery obligation

of the defendant, unless the defense initiates a discovery request." Memo. of Law in Support of Motion by Def. Leo Dailey Concerning Arraignment and Pretrial Discovery Order at 5. He cites the language and history of Rule 16 as support. Rule 16 governs pretrial discovery in criminal cases and divides discovery into two broad categories: disclosure by the defendant and disclosure by the government. The government's obligations are triggered "upon request by the defendant." Fed.R.Crim.P. 16(a)(1). The portion of the rule addressing the discovery obligations of the defendant is set forth below.

**(b) The Defendant's Disclosure of Evidence.**

**(1) Information Subject to Disclosure**

**(A) Documents and Tangible Objects.** *If the defendant requests disclosure under subdivision (a)(1)(C) or (D) of this rule, upon compliance with such request by the government, the defendant, on request of the government,* shall permit the government to inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial.

**(B) Reports of Examinations and Tests.** *If the defendant requests disclosure under subdivision (a)(1)(C) or (D) of this rule, upon compliance with such request by the government, the defendant, on request of the government,* shall permit the government to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at trial when the results or reports relate to that witness' testimony.

**(C) Expert Witnesses.** *If the defendant requests disclosure under subdivision (a)(1)(E) of this rule and the government complies, the defendant, at the government's request,* must disclose to the government a written summary of testimony the defendant intends to use under Rules 702, 703 and 705 of the Federal Rules of Evidence as evidence at trial. This summary must describe the opinions of the witnesses, the bases and reasons therefor, and the witnesses' qualifications.

Fed.R.Crim.P. 16(b)(1) (emphasis added).

■ It is clear from the wording of Rule 16(b) that these subsections "apply if and only if the defendant has requested and received discovery under (C) or (D) of Rule 16(a)(1) [the government's disclosure obligations]." Charles A. Wright, *Federal Practice and Procedure: Criminal 2d* § 255 at 102 (1982). *See also United States v. Kraselnick,* 702 F.Supp. 480, 487 (D.N.J.1988) ("defendants' reciprocal discovery obligations under [Rule 16(b) ] do not arise unless and until the government has complied with its obligations under Rule 16(a)"); Robert P. Mosteller, *Discovery Against the Defense: Tilting the Adversial Balance,* 74 Cal.L.Rev. 1567, 1569 (1986) ("the Federal Rules of Criminal Procedure permit discovery against the criminal defendant only when he 'triggers' the prosecutor's right to discovery by requesting disclosure of certain types of information from the government").

The Standard Order, however, does not follow the language of Rule 16. Under the Standard Order, "[e]ach party shall *automatically* disclose the material listed below regardless of whether the defendant or the government has made any request for discovery pursuant to Rule 16. . . . The *obligation of the defendant* is to disclose: (a) Any documents and tangible objects which would otherwise be subject to disclosure pursuant to Rule 16(b)(1)(A), Fed.R.Crim.P. (b) Any reports of examinations and tests which would otherwise be subject to disclosure pursuant to Rule 16(b)(1)(B), Fed.R.Crim.P." Standard Order at 1–2. The language of the Standard Order is based upon Local Rule 12(e).[1]

---

1. The relevant portion of Local Rule 12(e) of the District of Rhode Island is set forth below.

The Assistant United States Attorney and the attorney for the defendant shall meet within 8

■ A district court's authority to create local rules is governed by Federal Rule of Criminal Procedure 57. "Each district court ... may ... make and amend rules governing its practice *not inconsistent with these rules.*" Fed.R.Crim.P. 57 (emphasis added). Rule 57 allows the district judges and magistrate judges wide discretion to regulate their practices "[i]n all cases *not provided for by rule*" and "in any manner *not inconsistent* with these rules." *Id.* (emphasis added). Rule 16 clearly provides the procedure for pretrial discovery in criminal cases. Thus, any local rule may not be inconsistent with Rule 16. Because the Standard Order is inconsistent with Rule 16, this court has no authority to require Mr. Dailey to provide discovery in any manner other than that described in Rule 16.[2]

■ The government argues that, regardless of Rule 16, the court may require such automatic disclosure under its inherent authority to regulate discovery and manage its calendar. It is a "well-settled principle that a district court has broad discretion to manage its own calendar." *United States v. Batiste,* 868 F.2d 1089, 1091 (9th Cir.1989). Further, a court may order discovery "within its discretion, to ensure the effective administration of the criminal justice system." *United States v. Higgs,* 713 F.2d 39, 44 n. 6 (3d Cir.1983), *cert. denied sub. nom., Kemp v. United States,* 464 U.S. 1048, 104 S.Ct. 725, 79 L.Ed.2d 185 (1984). However, "there is no authority for the proposition that a court has inherent authority to compel a defendant to provide pretrial discovery which is not specifically authorized in Rule 16." *United States v. Layton,* 90 F.R.D. 520, 523 (N.D.Cal.1981). *See also United States v. George,* 786 F.Supp. 11, 15 (D.D.C.1991) (a discovery order beyond that specified in Rule 16 is "an extraordinary use of the court's discretion"). It therefore logically follows that there cannot be any inherent authority to adopt a local rule or Standard Order which *contradicts* Rule 16.

The government contends that "a court has a certain inherent authority to order and supervise discovery in a criminal case above and beyond any of the mentioned rules." *United States v. Williams,* 792 F.Supp. 1120, 1123 (S.D.Ind.1992). Further, according to the government, " 'to the extent that Rule 16 does not express a policy prohibiting discovery not explicitly authorized by the Rules, the court is free, either by local rule or by adjudication, to permit discovery on the basis of its inherent power.' " *United States v. Kloepper,* 725 F.Supp. 638, 640 (D.Mass.1989) (quoting *United States v. Taylor,* 25 F.R.D. 225, 228 (E.D.N.Y.1960)). As previously stated, the Standard Order does not order discovery beyond Rule 16 or discovery not explicitly authorized by Rule 16 but rather discovery *in contradiction of* Rule 16.

■ The government also contends that "the 'automatic' discovery provisions of the local rule and the discovery order do not

---

days for the purpose of disclosure of the following material and information within the control of the respective parties, unless within the 8 day period the party entitled to disclosure shall file with the clerk a waiver thereof.

. . . . .

C. The obligation of the defendant is to disclose:
  1. Any reports of statements of experts, made in connection with the particular case, including *results of physical or mental examination and of scientific tests, experiments or comparisons.*

. . .

The Clerk will accept for filing *only* those discovery motions which state that the opposing party objects to said request discovery.

A brief perusal of the other districts in this circuit reveals that Massachusetts and Puerto Rico have criminal discovery rules similar to Local Rule 12(e). District of Massachusetts Local Rule 116.1 also provides for automatic discovery but does not apply "regardless of whether either party has requested discovery." District of Puerto Rico Local Rule 409 requires discovery requests to be submitted informally to the United States Attorney within five days of arraignment but does not mandate automatic discovery on the part of either party. The local rules of the Districts of New Hampshire and Maine do not address pretrial discovery in criminal cases.

2. The Magistrate–Judge found that the requirement of automatic discovery "is not only 'not inconsistent' with Rule 16—it actually furthers the overall purpose of the [Federal Rules of Criminal Procedure].... Although defendant is required to divulge discovery material earlier under the Court's Standard Order than under [Rule 16], it is within this Court's authority and discretion to require this result." Memo. and Order at 8–9.

expand the scope of Rule 16 discovery, they simply regulate the timing of discovery." Govt.'s Memo. of Law in Opposition to Def. Leo Dailey's Motion Objecting to Automatic Discovery at 8. A similar argument was made in *Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). In *Williams,* the Supreme Court upheld a state rule requiring defendant to provide pre-trial notice of an alibi defense and to furnish the government with information as to the place the defendant claims to have been and the names and addresses of supporting witnesses. The court found that the notice-of-alibi rule did not violate due process or the Fifth Amendment. "At most, the rule only compelled petitioner to accelerate the timing of his disclosure, forcing him to divulge at an earlier date information that the petitioner from the beginning planned to divulge at trial." *Id.* at 85, 90 S.Ct. at 1898.

The Standard Order does more than merely accelerate the discovery process set forth by Rule 16; it alters the procedure. Rule 16(b) creates a conditional disclosure obligation in the defendant.[3] Only when specific circumstances occur (i.e., a request by the defendant, production by the government, and a request by the government) must the defendant make disclosure. The Standard Order removes the conditional element of Rule 16 and makes the defendant's obligations automatic. Such an alteration cannot be considered merely a change in timing. Thus, the government's arguments concerning the inherent authority of this court do not provide a basis for upholding the Standard Order.

Both the government and Mr. Dailey have provided arguments concerning the constitutional implications of the Standard Order. Because I have previously determined that the Standard Order must give way to Rule 16, I need not discuss these arguments in great detail. I note briefly that none of the cases cited by the government involved a situation in which a local discovery order conflicted with a federal rule. *See Taylor v. Illinois,* 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988) (upholding the exclusion of testimony of a defense witness as a sanction for failure to comply with a discovery request); *United States v. Nobles,* 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975) (district court has discretion to condition impeachment testimony of defense witness on production of relevant portions of his report); *Wardius v. Oregon,* 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973) (rules requiring notice of alibi defense prior to trial must provide for reciprocal disclosure by government); *Williams, supra* (notice of alibi rule did not deprive defendant of due process or a fair trial or compel him to be a witness against himself).

I recognize that there are strong policy reasons to uphold the automatic discovery process set forth in the Standard Order. "[T]he federal courts have long recognized that a degree of defense disclosure is necessary to prevent introduction of vital or unexpected proof, which has a tendency to force adjournment delay to permit investigation or to resolve new legal problems presented." *United States v. North,* 708 F.Supp. 399, 401 (D.D.C.1988). The Magistrate–Judge noted that the removal of automatic discovery could interfere with a court's ability to manage the course of trial. "Neither the defendant nor the government would see the other side's evidence before trial. Inordinate amounts of time would be consumed by attorneys for both sides examining exhibits and requesting continuances to conduct further investigations." Memo. and Order at 9. These concerns are most certainly valid. However, I am forced to the inescapable conclusion that the Standard Order conflicts with Rule 16 and is therefore invalid.

In summary, Local Rule 12(e) and the Standard Order are in conflict with Federal Rule of Criminal Procedure 16(b) and cannot

---

**3.** The conditions set forth in Rule 16 have been interpreted very loosely. For example, in *United States v. LoBue,* 761 F.Supp. 56 (N.D.Ill.1990), the defendant made no formal discovery requests. The government, however, turned over to defendant all documents in its possession and requested reciprocal discovery. The court concluded that the "government's voluntary turnover was based upon the implied condition that the defense would reciprocate, if necessary, at a later date." *Id.* at 57. The defendant therefore was required to disclose the relevant documents.

be enforced. Mr. Dailey's motion to vacate the order is GRANTED.

SO ORDERED.