**PEOPLE OF THE VIRGIN ISLANDS, PLAINTIFF**
**v.**
**CHARLES HARDCASTLE, DEFENDANT**

**PEOPLE OF THE VIRGIN ISLANDS, PLAINTIFF**
**v.**
**OMARI HARDCASTLE, DEFENDANT**

Case Nos. SX-10-CR-404, SX-10-CR-405

Superior Court of the Virgin Islands

Division of St. Croix

April 7, 2011

KYE WALKER, ESQ., Law Offices of K.G. Cameron, Christiansted, St. Croix, USVI, *Attorney for Defendant, Omari Hardcastle*.

KIPPY ROBERSON, ESQ., Assistant Attorney General, Department of Justice, Christiansted, St. Croix, USVI, *Attorney for Plaintiff*.

ERNEST E. MORRIS, JR., ESQ., Territorial Public Defender, Kingshill, St. Croix, USVI, *Attorney for Defendant, Charles Hardcastle*.

WILLOCKS, *Judge*

## MEMORANDUM OPINION

### (April 7, 2011)

This Matter is before the Court on the People's Motions to Compel Saliva Specimens from Defendants Charles Hardcastle (hereafter "C. Hardcastle") and Omari Hardcastle (hereafter "O. Hardcastle"). For the reasons set forth below, the People's motions will be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

C. Hardcastle and O. Hardcastle are charged with possession of a controlled substance with intent to distribute and various firearm charges. The People filed a motion requesting the defendants to give saliva buccal samples. The People suggest that it is requested "in conformity with the cases cited compelling suspects to submit to non-communicative tests so as to aid in the clarification of the contrary contentions at bar." In support of its position the People cite to *Doe v. United States*, 487 U.S. 201, 108 S. Ct. 2341, 101 L. Ed. 2d 184 (1988) and *Schmerber v. California*, 384 U.S. 757, 86 S. Ct. 1826, 16 L. Ed. 2d 908 (1966). Defendants oppose on grounds that the People have failed to articulate any reason or purpose for seeking a sample of the saliva. In failing to do so. Defendants assert that "the People have failed to satisfy its heavy burden imposed under the Fourth Amendment to support its request for saliva buccal samples." Defendants propose that the decisive issue for this Court to determine is whether an examination and analysis of the saliva would be of probative value to the prosecution.

## ANALYSIS

██ ██ It is firmly established in the roots of jurisprudence that the Fourth Amendment protects citizens against unreasonable searches and seizures by imposing a warrant requirement and further requiring that such warrant shall not issue but upon probable cause. U.S. CONST. amend. IV. In *Schmerber v. California*, 384 U.S. 757, 770, 86 S. Ct. 1826, 16 L. Ed. 2d 908 (1966), a case involving blood testing for alcoholic content in connection with driving under the influence, the Supreme Court held that

"search warrants are ordinarily required for searches of dwellings, and absent an emergency, no less could be required where intrusions into the human body are concerned." In reaching its decision, the Supreme Court determined that "once the privilege against self-incrimination has been found not to bar compelled intrusions into the body . . . the Fourth Amendment's proper function is to constrain, not against all intrusions as such, but against intrusions which are not justified in the circumstances, or which are made in an improper manner." *Schmerber*, at 769. It was made crystal clear that "the interests in human dignity and privacy which the Fourth Amendment protects forbid any such intrusions on *the mere chance* that desired evidence might be obtained." Most critically, the *Schmerber* Court pointed out that the judgment was reached only on the facts of record. *Id.* at 772. It emphasized that the integrity of an individual's person is a cherished value of society. Accordingly, even though it was decided that the Constitution does not forbid States minor intrusions into an individual's body under stringently limited conditions, [this] in no way indicates that it permits more substantial intrusions, or intrusions under other conditions. *Id.* In sum, *Schmerber* established that use of bodily identification evidence does not violate the privilege against self incrimination of the Fifth Amendment; nor does it violate the Due Process clause of the Fifth Amendment or the Search and Seizure clause of the Fourth Amendment for the government to obtain it, *so long as lawful procedures for its production are followed.*

The question is, can this Court order the defendants to submit to the requested sampling on the basis of the motion before it.

■ Courts have held that no provision of the Federal Rules of Criminal Procedure supports such an order pursuant to a government motion in a criminal case, and instead that *Schmerber* instructs that the proper procedure should be by application for a warrant under Rule 41. *United States v. Allen*, 337 F. Supp. 1041, 1043 (E.D.Pa. 1972). Under Virgin Islands law, 5 V.I. CODE ANN. § 3901(b)[1], makes Rule 41 of the Federal

---

[1] 5 V.I.C. § 3901 provides:

3901. Authority to issue warrant; application of Federal Rule

(a) A search warrant authorized by this chapter may be issued by a judge of a court of record, directed to a peace officer.

(b) Rule 41 of the Federal Rules of Criminal Procedure shall apply to proceedings under this chapter.

Rules of Criminal Procedure governing requests for warrants generally applicable to search warrant proceedings in the Superior Court for any property in the Virgin Islands. It follows, therefore, in keeping with the instruction of *Schmerber*, that before seeking saliva specimens from a defendant that the People must first apply for a search warrant following the procedures of Rule 41. An application for a search warrant to obtain saliva specimens under Rule 41 requires a showing of probable cause. Probable cause for issuance of a search warrant simply requires more than mere suspicion, but less than evidence that would justify a conviction. *Government of the Virgin Islands v. Rijos*, 285 F. Supp. 126, 6 V.I. 475 (D.C. V.I. 1968). Moreover, probable cause is satisfied only when facts or circumstances, rather than mere affirmance of belief or suspicion, are submitted to issuing officer. *Id.*

■ Before continuing the analysis under the facts of this case, however, the Court finds the District Court's decision in *United States v. Flanders*, 2010 U.S. Dist. LEXIS 96752, at *9 (D.V.I. 2010), highly instructive. The District Court in *Flanders* held that "the issuance of a search warrant for DNA is only proper where the affidavit supporting the application provides a basis for believing that the individual's DNA can link the individual to a criminal act." *Id.* (citing as an e.g., *United States v. Bonds*, 12 F.3d 540, 549 (6th Cir. 1993) (affirming magistrate finding of probable cause to issue a search warrant for blood and hair samples when affidavit established that DNA could link the suspect to blood stains found in a car used in connection with a homicide).

In *Flanders*, Defendants Flanders and Harper had been charged with first degree murder and various firearm charges. The Government had filed a motion to require the defendants to supply an oral saliva sample. Flanders opposed the motion on grounds that the Government had not established sufficient connection between the saliva sample and the crimes charged, as required by the Fourth Amendment. The Magistrate entered an order requiring Flanders to provide a saliva sample for testing. On appeal, the District Court noted at the outset that the Government had not cited to any recognized exception to the warrant requirement but instead sought to secure a saliva sample from Defendants through a court order. Following *U.S. v. Allen, supra* the District Court held that the request for the order was procedurally improper and that "the 'proper and lawful procedure' for establishing the government's right to the saliva samples is by applying for a warrant under Rule 41." *Id.* (citing Rule 41

of the Federal Rules of Criminal Procedure); *see also United States v. Felix*, 2007 U.S. Dist. LEXIS 1957, at *22 (S.D.Cal. 2007) (denying government's motion for an order compelling defendant to provide a new DNA sample and directing government to apply for a search warrant). The District Court vacated the order to provide saliva samples. In doing so, the District Court reasoned than even viewing the motion as an application for a warrant under Rule 41, the Magistrate had applied an improper standard. The Government's motion had been erroneously granted by the Magistrate on the basis that there was probable cause to believe that Flanders and Harper had committed the crimes charged. In addition, and more importantly, the District Court found that even though the Government witness Smith testified as to the evidence recovered from the crime scene and other locations allegedly associated with the Defendants, there was no finding made at the hearing that the DNA samples could link Flanders and Harper to the crimes charged.

Having reviewed the District Court's decision in *Flanders* for insight, the Court now returns to its task of determining whether the People in the case at bar has met its burden under the Fourth Amendment in its request for saliva buccal samples from the defendants.

■ In its request for saliva buccal samples from the defendants, the People in following the Supreme Court's instructions in *Schmerber* are required to provide sufficient evidentiary support for the Court to find probable cause that *the saliva specimens could link C. Hardcastle and O. Hardcastle to the drug or firearm charges filed against them*. Even though the People obviously failed to apply for a search warrant, in considering the People's motion to compel saliva specimens from defendant as an application for a search warrant, the Court finds that the People have failed to articulate a single fact to support a finding that the saliva specimens requested could link either of the defendants to the drug or firearm charges against them.[2] Accordingly, it is clear that failing to provide such essential evidentiary nexus the People have failed to meet its probable cause burden under the Fourth Amendment.

---

[2] In *People v. Jeffrey Carty, Jr.*, No. 2010-299, 2010 V.I. LEXIS 59 (V.I. August 17, 2010), the Superior Court held that the Police Officer's affidavit, filed in support of the People's motion to compel the blood, saliva, and hair specimens from Defendants, sufficiently demonstrates that there is probable cause for the People's request as required under the Fourth Amendment. *People v. Jeffrey Carty, Jr.* is distinguishable to the case at bar in that the People herein have failed to present any evidentiary basis in support of their request.

## CONCLUSION

For the foregoing reasons, the People's motions to compel saliva specimens from C. Hardcastle and O. Hardcastle will be denied without prejudice. Furthermore, should the People wish to obtain the defendants' saliva specimens, it may do so through the well-established procedure of a search warrant.