**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Eugene Ray CLEGG,**
**Defendant-Appellee.**

No. 83–3126.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 2, 1984.

Decided Aug. 14, 1984.

---

* Honorable Bruce R. Thompson, Senior United States District Judge for the District of Nevada, sitting by designation.

Clegg was charged through a second superseding indictment of exporting firearms in violation of 18 U.S.C. § 922(a)(1) and 22 U.S.C. §§ 2778(b)(2) and (c). During pretrial proceedings, Clegg filed a motion under Fed.R.Crim.P. 16(a)(1)(C), requesting the court to order the government to produce documents in the possession of the Department of State, the Department of Defense, and the Central Intelligence Agency which allegedly contained information of defendant's gunrunning. The government opposed the request, asserting that the information sought was not material to the preparation of a valid defense and that any such documents would likely be subject to the Classified Information Procedures Act ("CIPA"), 18 U.S.C.App. III §§ 1–16 (1982).

The district court granted Clegg's discovery motion and directed the government to produce the requested documents and information. The government submitted classified and unclassified documents to the district court *in camera ex parte* hoping to establish that the documents were not material to the defense. The district court allowed defendant to submit *in camera ex parte* an affidavit setting out in detail why the requested information was material to the preparation of the defense. After review the district court ruled the documents were discoverable.

Alix Foster, Asst. Federal Public Defender, Seattle, Wash., for defendant-appellee.

Jerald Olson, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellant.

Before KENNEDY, SKOPIL and NELSON, Circuit Judges.

SKOPIL, Circuit Judge:

This is an interlocutory appeal by the United States seeking review of the district court's order compelling disclosure of classified information. We affirm.

The government then sought to bring the classified documents under the protection of CIPA and asked the district court to reconsider its previous ruling permitting discovery of the classified documents or, in the alternative, to allow substitution of a summary and to delete some of the information in the classified documents. The district court, after an *in camera ex parte* review of the documents and a review of the alternative substitution with deletions, ruled that the classified documents were material and discoverable under Rule 16, and that the proposed alternative substitution with deletions was deficient and not acceptable.

The government appealed.

**18**

DISCUSSION

A. Jurisdiction Over Appeal.

 Clegg moves this court to dismiss the appeal for lack of jurisdiction. His challenge is to section 7 of CIPA, 18 U.S.C. App. III. § 7 (1982), which provides *inter alia:*

> (a) An interlocutory appeal by the United States ... shall lie to a court of appeals from a decision or order of a district court in a criminal case authorizing the disclosure of classified information, imposing sanctions for nondisclosure of classified information, or refusing a protective order sought by the United States to prevent the disclosure of classified information.

Clegg argues that "disclosure" means to the public, not to the defendant. He contends that the Act uses the word "discover" or "discovery" when referring to information passing from the government to the defendant, and "disclosure" when referring to information being made public by the defendant. It would follow that jurisdiction over appeals from orders regarding "disclosure" would not include the order of the district court in this case.

We reject Clegg's argument. It is clear that CIPA is as concerned with controlling disclosures to the defendant as it is with controlling disclosures to the public. The plain language of the Act forecloses Clegg's argument. The terms "discovery" and "disclosure" are used interchangeably in the Act. *See e.g.,* §§ 3 and 6(f). We reject Clegg's limited interpretation and conclude that section 7 provides for appellate jurisdiction.

B. Merits

 The scope of discovery is within the discretion of the district court. We review only for any abuse of that discretion. *United States v. Balk,* 706 F.2d 1056, 1060 (9th Cir.1983).

 We have examined the materials submitted *in camera* and agree with the district court that they are relevant to the development of a possible defense. *See,*

*e.g.,* 18 U.S.C. § 925(a)(1) (1982). The government's proposed summaries of the materials are inadequate. We find no abuse of discretion in ordering full disclosure.

AFFIRMED.