**UNITED STATES of America**

v.

**Oliver L. NORTH.**

**Crim. No. 88–0080–02.**

United States District Court,
District of Columbia.

July 8, 1988.

Lawrence E. Walsh, Independent Counsel, Herbert Stern, Special Counsel, for U.S.

Richard W. Beckler, Washington, D.C., for defendant Poindexter.

Brendan V. Sullivan, Jr., Barry Simon, Washington, D.C., for defendant North.

Thomas C. Green, Washington, D.C., for defendant Secord.

F. Richard Janis, Washington, D.C., for defendant Hakim.

## FURTHER MEMORANDUM AND ORDER RE CIPA AND TRIAL SCHEDULE

GESELL, District Judge.

Two major pretrial issues in this case have been hotly contested. Each issue has raised questions concerning the government's ability to prosecute one or more of the counts naming Oliver L. North.

The Court has rejected North's pretrial claim that the government has misused his immunized testimony before Congress. What has remained unresolved are North's various claims that the requirements of the Classified Information Procedures Act ("CIPA"), 18 U.S.C.App. IV, as applied to this unique case, will result in denying him the right to use certain classified government documents he needs for his defense and will, in other respects, deprive him of his constitutional protections as a criminal defendant. These claims had some merit. In its Memorandum Opinion of June 22, 1988, the Court refused mechanically to apply certain CIPA procedures because of its concern that their strict application in this case would contravene established constitutional protections afforded all defendants facing criminal charges. In addition, the Court urged that the Attorney General designate an appropriate official to carry out the Executive Branch's responsibilities under Section 6 of CIPA to avoid any question as to Independent Counsel's authority, and this has been done.[1]

This further Memorandum considers the principal remaining CIPA questions which concern North's ability to conduct adequate documentary discovery before trial and his right to use material obtained through discovery at trial, along with certain classified material found in government exhibits which the government intends to redact and withhold from the jury.

Although numerous documents have been disclosed to North in classified form, Independent Counsel has advised the Court that the interagency group responsible for declassifying and releasing classified material for use at trial remains adamantly opposed to any public disclosure of the classified information redacted from the Independent Counsel's case-in-chief documents. Independent Counsel has scrupulously deferred to agency representatives who insist on withholding certain information from public view. However, North contends that much of this redacted material is relevant to his defense.

---

1. The Attorney General has appointed Edward S.G. Dennis, Jr., Acting Assistant Attorney General, Criminal Division, as his statutory designee under Section 6(c) of CIPA.

A continuing dispute has also developed between the parties as to the relevance and materiality of certain documents requested by North, which North suggests reflect both the incompleteness of Independent Counsel's grand jury inquiry into the underlying facts and the insufficiency of the government's proof.

Although North contends this withholding of information distorts the documentary evidence and fails to reveal the true nature and effect of certain events disclosed by those portions of papers to be publicly released, he has resolutely refused to disclose any details of his defense to Independent Counsel for fear that this could alert the government prematurely to what he considers the inherent weakness in the Independent Counsel's theory of prosecution. This, in turn, led him to make insufficiently particularized discovery requests and prevented his access through discovery to papers related to his theory of defense. The informal give-and-take between the parties which normally takes place during pretrial stages of criminal cases never occurred and issues have remained unresolved.

The Court has attempted to remove these obstacles by its decision, announced in open court on June 23, 1988, and not opposed by Independent Counsel, to hear North's counsel at an *in camera, ex parte* hearing for the sole purpose of becoming more precisely informed as to the details of North's proposed defense, as it relates to his demand for access to classified materials the government has indicated it will refuse to release publicly, and materials which the government has already redacted from its proposed proof and apparently considers wholly irrelevant and immaterial.

At the *in camera, ex parte* hearing,[2] on July 6, 1988, which lasted over four hours, North's counsel particularized and illustrated by reference to specific documents his need for certain classified material not included in the government's case-in-chief, and illustrated how some of the material tended to exonerate North of guilt on certain charges. He also demonstrated how his theory of the defense requires use of redacted portions of the government's case.

After considering counsel's representations the Court has concluded that:

(A) The government has redacted certain information from its documentary case-in-chief which must be available to North for his use at trial.

(B) The Court is also satisfied that some defense discovery claims, supported by information presented to the Court, may be sufficiently pertinent to require disclosure of other classified documents previously sought under North's supplemental discovery request (Defendants' Joint Pretrial Motion No. 12).

North contends that money raised by Secord and Hakim from the sale of missiles to Iran was combined in private accounts with money received from foreign governments and private donations. In turn, the combined funds were used to plan and carry out various covert operations, including actions directly or indirectly supporting the contras. Further, he contends that these initiatives were all approved at or near cabinet level; their execution was closely monitored through the use of a variety of intelligence methods and sources —sometimes at the specific request of North—and were made generally known to North's superiors through a variety of means. Thus he will submit that his activities were known and authorized and he seeks material that will reinforce this position. Among materials sought are documents bearing primarily on issues of criminal intent, which is of particular significance to the first three counts of the indictment. The materials he seeks—even if not a "smoking gun"—may serve to corroborate testimony of defense witnesses, including North himself, if he takes the stand. They may also support defense challenges to the credibility of certain known prosecution witnesses who have, in the past, denied that North's funding and other activities were monitored, known and approved at the highest levels of the government.

2. This hearing was recorded but not transcribed and the reporter's notes are sealed in the Court's SCIF. No transcription may be ordered or prepared except under written Court order.

The Court is not the trier of fact in this case. The jury must decide where the truth lies. But North has sufficiently demonstrated to the Court that information redacted from Independent Counsel's case-in-chief documents and certain documents requested in his supplemental discovery motion require the Court to enter the following directives to assure that the truth, whatever it ultimately proves to be, "will out."

(1) North shall, by August 1, 1988, designate in the form of a CIPA § 5 notice those redactions made in documents in the government's case-in-chief he requires to support his defense.

(2) Independent Counsel shall supply all documents included within items 1 through 20, inclusive, of North's supplemental discovery request of May 23, 1988, (Defendants' Joint Pretrial Motion No. 12), which in any respect reflect any of the following: (a) the funding of the activity from any source; (b) whether or not senior government officials were aware of the activity; (c) whether or not North participated individually under any pseudonym; and/or (d) any use or contemplated use of the vessel *Erria*.

(3) North shall also receive all references to any form of aid or military assistance to the contras, or entities supporting the contras, direct or indirect, contained in any record of the daily Presidential intelligence briefing, specifically including non-identical copies of the President's Daily Briefing ("PDB"), formal or informal, together with records showing distribution of the information for the period September 1, 1984 through December 31, 1986.

(4) North shall also receive all information concerning activities in aid of the contras, direct or indirect, contained in any document forwarded to any offices in the White House from the Central American Joint Intelligence Task Force ("CAJIT") in the period from September 1, 1984 through December 31, 1986.

(5) These items 2–4, inclusive, shall be delivered in full classified text to the defense SCIF for North's review on or before August 1, 1988.

(6) North shall, by August 1, 1988, notify the government pursuant to Section 5 of CIPA of any other classified document then in its possession he proposes to present in his defense at trial. This notice shall include all items selected under (1) above.

(7) North shall, on or before August 15, 1988, notify the government pursuant to Section 5 of CIPA of each classified document obtained under this Order he proposes to present in his defense at trial.

The Court may be obliged to widen North's discovery as the trial proceeds and reserves the right to do so, with notice to the prosecution, as exigencies of trial may demand. However, North's numerous other discovery requests do not presently appear sufficiently pertinent to justify pre-trial discovery into areas involving sensitive national security.

(8) Independent Counsel shall, by August 1, 1988, also relate each document in its case-in-chief to the specific count or counts naming North—other than the first three counts—for which the document will be offered as proof.

(9) A jury trial on those counts remaining after the CIPA process takes its course is set for September 20, 1988, in Courtroom No. 6, commencing at 10:00 a.m. It presently appears that, at a minimum, substantive charges of cover-up, falsification and North's alleged receipt of personal benefit derived from his conduct as a government employee can proceed to trial. This trial date is six months after indictment. It must be met.

Nothing in the foregoing involves even a tentative decision by the Court as to the merits of North's defense or the admissibility of any documentary evidence that may be offered by North. Nor is it intended to supersede prior orders requiring disclosure of *Brady* and other relevant and material records, including tapes and video records.

SO ORDERED.