**UNITED STATES of America**

v.

**Clair E. GEORGE, Defendant.**

**Crim. A. No. 91–0521 (RCL).**

United States District Court, District of Columbia.

Nov. 12, 1991.

See also 786 F.Supp. 56.

Craig Gillen, Office of Independent Counsel, Washington, D.C., for U.S.

Richard Hibey, Anderson & Hibey, Washington, D.C., for defendant.

## MEMORANDUM OPINION

LAMBERTH, District Judge.

The defendant, former deputy director for operations of the Central Intelligence Agency, was indicted on ten counts, which include obstruction of justice, obstruction of Congress, making false statements, perjury, and perjury before a grand jury. The indictment described a series of events that began in 1984 and have become popularly known as the Iran–Contra affair. Since the defendant's arraignment and his plea of not guilty the parties have engaged in discovery negotiations, attempting to sort through the classified documents that might have some relationship to this case. The Office of the Independent Counsel ("OIC") has already turned over several thousand documents which it has deemed relevant to the defendant's case. Defendant, however, has been unsatisfied with the production of documents. ·

At a status conference held on October 3, 1991, the court received an oral motion by defendant's counsel to obtain all documents produced by the Government during discovery in *United States v. North*, Crim. No. 88–0080–02 (D.D.C.) (hereinafter *"North"*) and *United States v. Fernandez*, Crim No. 89–00150 (E.D.Va.) (hereinafter *"Fernandez"*) and the pleadings filed in *North* and *Fernandez*. On October 17, 1991, the court received a letter from defense counsel requesting further discovery and seeking an *in camera, ex parte* hearing before the court to demonstrate the materiality of the documents requested. The court ordered that the letter be filed as a motion for an *ex parte* hearing on the production of documents. Both the defendant and the government have submitted memoranda on these issues to which the court now turns.

## I. The *North* and *Fernandez* Documents

Although the classified nature of many of the documents affects this court's assessment of defendant's request, the basic rule governing discovery of documents in the hands of the prosecution by a defendant is Federal Rule of Criminal Procedure 16(a)(1)(C), which reads:

> Upon request of the defendant the government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant. Fed.R.Crim.P. 16(a)(1)(C)

The central requirement of Rule 16(a)(1)(C) is that the defendant must show that the documents or evidence sought to be discovered are material to the preparation of his defense. Although this hurdle is not a high one, "the evidence must not simply 'bear some abstract logical relationship to the issues in the case.... There must be some indication that pretrial disclosure of the disputed evidence would [enable] the defendant significantly to alter the quantum of proof in his favor.'" *United States v. Secord*, 726 F.Supp. 845, 846 (D.D.C. 1989) (quoting *United States v. Ross*, 511 F.2d 757, 762–3 (5th Cir.1975), *cert. denied*, 423 U.S. 836, 96 S.Ct. 62, 46 L.Ed.2d 54). Nonetheless, the documents need not directly relate to the defendant's guilt or innocence. Rather, they simply must "play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony or assisting impeachment or rebuttal." *United States v. Felt*, 491 F.Supp. 179, 186 (D.D.C.1979).

The independent counsel seeks to heighten this obstacle by arguing that materiality is even more significant in cases involving classified information. *See* Gov't Mem.Opp'n Def.Mot.Disc. at 7. Under this circuit's opinion in *United States v. Yunis*, 867 F.2d 617 (D.C.Cir.1989), the defendant

**14**

must show that the information sought is " 'helpful to the defense of [the] accused.' " *Yunis,* 867 F.2d at 623 (quoting *Roviaro v. United States,* 353 U.S. 53, 60–61, 77 S.Ct. 623, 627–28, 1 L.Ed.2d 639 (1957)). *Yunis,* however, concerned the somewhat lower standard of relevance that a criminal defendant must meet in order to obtain access to his own statements that are in the hands of the government. *See* Fed.R.Crim.P. 16(a)(1)(A). It is unclear whether *Yunis'* formulation actually alters the requirement of materiality under Rule 16(a)(1)(C).[1]

The independent counsel's position is simply that the defendant has not shown that all of the *North* and *Fernandez* documents are material to his case and thus has not met the requirements of *Yunis* or Rule 16. The independent counsel would have the defendant make specific requests that delineate the materiality of each document. Undoubtedly, Rule 16(a)(1)(C) discovery practice generally follows in this fashion, but this case presents a substantially different situation. All of the documents sought by defendant have already been *collected* in connection with the *North* and *Fernandez* prosecutions. The collected documents currently sit in a secured facility a matter of feet from the area that the defendant is using to peruse the documents that the government has already handed over. The prosecution will not be burdened by a decision of this court to permit the defendant to examine all of the *North* and *Fernandez* documents. Indeed, it is likely that the independent counsel will be relieved of work because they will not need to search through the documents to make their own assessment of materiality. At least one of the rationales behind the

materiality requirement (and limiting discovery by criminal defendants generally) is to insure that the government not expend excessive time and effort securing documents for the defendant. Here there is no burden on the government. The only effort required will be the work of a few strong people to move some very large boxes a few feet.

Furthermore, the defendant has met his burden of showing that the documents are material. The independent counsel painstakingly sets out the differences between the *North* and *Fernandez* indictments and the indictment in this case. While there are clearly differences among the three cases, the independent counsel's decision to frame its indictment broadly in this case makes virtually all of the documents from *North* and *Fernandez* relevant. The independent counsel argues that there is no such thing as an "Iran–Contra" case,[2] but such a statement is simply disingenuous. The OIC owes its very existence to the Iran–Contra affair and the indictment of this defendant is a direct result of over four years of investigation that the OIC has put into the Iran–Contra cases. In a memorandum filed before the arraignment in this case, the independent counsel focused on the similarities between the issues in the *George* case and in the *North* and *Poindexter* cases in arguing that a judge be specially assigned. *See* Gov't Mem.Supp.Special Assign. at 4. In that document, the independent counsel noted that this case would involve "the complex facts relating to both sides of the Iran/Contra affair." *See id.*

---

1. While the court agrees that the high security clearance of the defendant does not necessarily remove this case from the strictures of the *Yunis* rule, *see United States v. Poindexter,* 727 F.Supp. 1470, 1481 n. 22 (D.D.C.1989), nonetheless the court must note this distinction between the two cases. The concerns of the court and the government in *Yunis* are not fully applicable here because there has been no allegation that the defendant might use the information to bring harm to anyone. Indeed the independent counsel's main concern appears to be with the dissemination of information to persons peripherally involved in the case, i.e. attorneys, clerks,

staffs, etc. *See* Gov't Mem.Opp'n Mot.Disc. at 7–8; *see also Poindexter,* 727 F.Supp. at 1481 n. 22.

2. The independent counsel seeks to characterize the defendant's request as similar to those of prior Iran–Contra defendants who sought information concerning covert operations not directly related to Iran–Contra. *See, e.g., Poindexter,* 727 F.Supp. at 1479–81 (denying discovery of unrelated covert activities); *Secord,* 726 F.Supp. at 847 n. 2 (same). Such an analogy is clearly inapposite as the defendant in this case is only seeking documents that were deemed material to previous Iran–Contra defendants.

The indictment against Mr. George lays out the Iran–Contra affair in some detail and then specifically alleges certain acts by Mr. George that violated the law. In addition, the indictment describes acts committed by Lt. Col. North that are relevant to this defendant's allegedly false statements. Although Mr. George is not charged with all of the same crimes as North or Fernandez, there is no doubt that the transactions which led to the charges are part of the entire series of events known as the Iran–Contra affair. It is this series of events that the office of independent counsel has been investigating for almost five years, and the charges against Mr. George refer to lies that he allegedly told concerning these events, including the actions of Fernandez and North. This is not a fishing expedition by defense counsel. This court cannot see how the documents that were deemed material to the defendants in the prior cases are not material to Mr. George's defense.[3]

 The independent counsel has indicated that some of the documents from the *North* case involve the personal finances of Oliver North, who was charged with receiving an illegal gratuity. Because these documents are tangential to Mr. George's alleged involvement with the Iran–Contra affair, the independent counsel shall not be required to turn over these documents. Other than this exception, the court shall order the independent counsel to permit the defendant to inspect the documents from the *North* and *Fernandez* cases.[4]

II. The *North* and *Fernandez* Pleadings

 Defendant also seeks copies of the pleadings [5] filed in the *North* and *Fernandez* cases. The independent counsel objects to such discovery because it is not required by Rule 16 and will involve the further dissemination of classified material. In addition, the independent counsel warns that the defendant will be able to use arguments conceived by counsel in prior cases to attempt to sabotage this prosecution.

 Discovery of pleadings from another case does not fall within the strictures of Rule 16. Pleadings are neither papers nor documents for the purposes of Rule 16. *See United States v. Pascual,* 606 F.2d 561, 565 (5th Cir.1979) ("[a] document is an instrument on which is recorded in writing matter which may be evidentially used, and it is likewise true that a paper is a written or printed document."). Because an item does not fall within Rule 16 does not mean, however, that they cannot be made available to defense counsel. A district court judge may be permitted to order discovery beyond that specified by Rule 16. *See United States v. Germain,* 411 F.Supp. 719, 725 (S.D.Oh.1975). This case, however, does not require such an extraordinary use of the court's discretion.

The discovery of pleadings from a prior case rarely presents an issue because pleadings are almost always public information accessible in the court where the prior case was docketed. Indeed, there is a vaguely-contoured common-law right of access to court documents. *See Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). But for the fact that some of the pleadings in the *North* and *Fernandez* cases are classified, defendant and his counsel would simply examine the pleadings at the clerk's office; thus, in the normal, non-classified case, defendant would have no need to ask the prosecution for the pleadings.

In this case, the defendant's request for pleadings is not so much a discovery re-

---

3. The independent counsel has never suggested that the documents in the *North* and *Fernandez* cases were not material to the defendants in those cases.

4. The independent counsel's refusal to submit an index or a summary of the *North* and *Fernandez* documents in the face of this court's suggestion leaves the court few options. *See* Transcript Oct. 3, 1991 Status Conference at 9–10. Because the court cannot examine an index and the volume of documents is so tremendous that *in camera* review is not feasible, refusal to permit defendant's discovery request would make the independent counsel the sole arbiter of materiality.

5. The term "pleadings," as used in both parties' memoranda and in this opinion, refers to both pleadings and legal memoranda.

quest for material from the prosecution, but rather is a request that defendant and his counsel be permitted to see classified information that is in the hands of court security personnel.[6] In this case, where the defendant and his attorneys have the requisite security clearances, the government has asserted no justification for preventing the defendant from examining the pleadings. Because the defendant now has access to all of the documents from the *North* and *Fernandez* cases, it is not clear what additional classified information they will be able to glean from the pleadings.[7] The independent counsel shall therefore be directed to permit the defendant and his counsel to examine the pleadings.[8]

In ruling that the defendant may examine the documents and the pleadings from the *North* and *Fernandez* cases, the court seeks to avoid reinventing the wheel and to identify as early as possible whether this case can go to trial or whether it will be dismissed as some prior Iran–Contra prosecutions have been. The prosecution has expressed concerns that the release of so much information to the defendant will permit him to derail the case by asserting that certain material which the government will not declassify is relevant and material to his defense. This possibility certainly exists, but it is no more than the defendant's right.[9] If indeed the defendant cannot go to trial because of the classified nature of this case, then it is far better that the court and all parties concerned learn as soon as possible so that resources are not wasted. This ruling will expedite the litigation by ensuring that the defendant and his counsel will be able to spend their time sifting through the thousands of pages of documents rather than briefing and arguing innumerable discovery requests. Defendant has five years of catching up to do and he ought to get started.

### III. *Ex Parte* Hearings on Further Discovery

■ The defendant has also requested discovery of certain other categories of documents by letter dated September 23, 1991, and supplemented by a letter dated October 22, 1991. The independent counsel objected to some of these requests and defendant now seeks to make an *in camera, ex parte* presentation to the court to establish the materiality of the documents requested. According to defendant, allowing the independent counsel to be present during this showing of materiality would violate the defendant's due process rights by forcing him to reveal his defense strategy. The independent counsel strongly opposes such a hearing, arguing that an *ex parte* hearing that excludes the government is particularly inappropriate when it involves classified documents.

■ *Ex parte* proceedings are generally disfavored, even when the federal rules expressly permit them. *See, e.g.,* Fed. R.Crim.P. 16(d)(1) advisory committee's note. Most often, *ex parte* hearings in this context occur when the government attempts to protect classified information that has been requested by the defendant by showing the court that it is not material.

6. Permitting defendant to examine the pleadings does little more than even the score. Both the prosecution and the court have access to these documents, although neither has a higher security clearance for these purposes.

7. The concern that permitting this discovery might endanger the secrecy of classified information is greatly reduced by the protective order which the court approved on September 18, 1991. This protective order, agreed upon by the parties and the product of the experience of several prior Iran–Contra cases, has been crafted to insure that there is minimum risk to national security.

8. The independent counsel has indicated that protective orders from other cases may pose a conflict with this order. The independent counsel will therefore be directed to seek any necessary modification from these other protective orders in the appropriate courts. If such modifications are not granted, the independent counsel will be required to return to this court for further consideration of the matter.

9. The prosecution's fear that the defendant will slip something by the court is unfounded. This court still must determine what evidence is material to the defense and thus must be declassified if this case is to proceed to trial. Permitting the defendant's access to the documents at this time does not mean that the court will abandon its duties under the Classified Information Procedures Act later.

The government argues that its interest in protecting classified information is compelling. While the court does not dispute the government's interest, the nature of the information is of secondary importance. Defendant is seeking an unusual departure from the normal course of discovery (of any material, classified or not) by asking the court to resolve a discovery dispute concerning Rule 16 materiality *ex parte.*

The defendant cites three instances where courts have permitted defendants to make *ex parte* showings concerning materiality. In *United States v. Clegg,* 740 F.2d 16 (9th Cir.1984), the district court did accept an *ex parte* affidavit from the defendant but the court took this action only after it had allowed, as is often done, the government to submit classified documents *in camera, ex parte* to show that they were not material to the defense. In *United States v. North,* 698 F.Supp. 322, 324 (D.D.C.1988), the independent counsel did not object to the *ex parte* hearing, and, in part as a result of this experience, the independent counsel will not so consent again.[10] In *United States v. Poindexter,* 727 F.Supp. 1470 (D.D.C.1989), however, the court used broad language when it permitted the defendant to make an *ex parte* showing of the materiality of presidential documents.

In cases like *Clegg,* the justification for an *ex parte* proceeding is clear because an adversary hearing would reveal the information and make the discovery question moot; in this case, defendant will lose nothing more than a strategic advantage. Despite the broad language of the *Poindexter* opinion, defendant has not, however, identified any right that he possesses in keeping his strategy under wraps. Absent such a right, the issue is committed to this court's discretion, subject to the fact that *ex parte* proceedings in the federal courts are quite rare. *See United States v. North,* 708 F.Supp. 389, 391 (D.D.C.1988).

Despite the existence of some precedents for an *ex parte* hearing, this court is loathe to resort to such unusual procedures at this early stage of the case. In both the *North* and *Poindexter* cases, the district judges were very familiar with the particular issues and had received extensive briefing. This court will benefit from the arguments of counsel on both sides concerning these discovery issues. While the court will not absolutely rule out the possibility of an *ex parte* hearing eventually, this court will not grant one at this time.

The independent counsel shall be directed to review the request for documents set out by the September 23, 1991, and October 22, 1991, letters from defendant's counsel in order to assess which of the requests have been mooted by the court's decision. The independent counsel shall file, within seven days, a supplemental response with the court. Upon review of this submission, the court will determine when to conduct an *in camera* hearing concerning those of defendant's requests which have not been mooted. In preparation for this hearing, the court will further order both the independent counsel and the defendant to submit suggested procedures that the court might implement to manage the *in camera* hearing as efficiently as possible.

### IV. Conclusion

For the foregoing reasons, defendant's motion for access to certain documents and pleadings shall be GRANTED in part and DENIED in part and defendant's motion for an *ex parte* hearing regarding the production of documents shall be DENIED in a separate order filed on this date.

SO ORDERED.

### PRETRIAL ORDER # 3

For the reasons stated in the accompanying memorandum opinion, defendant's motion for an *ex parte* hearing regarding the production of documents is hereby DENIED and defendant's motion for access to certain documents and pleadings is hereby GRANTED in part and DENIED in part as follows:

---

**10.** The discovery that the judge ordered following the *ex parte* hearing in the *North* case resulted in "considerable and perhaps unprecedented expenditure of time and resources." *United States v. North,* 708 F.Supp. 389, 391 (D.D.C. 1988).

1. Defendant shall be permitted access to all documents produced by the government in discovery and all pleadings in *United States v. North,* Crim. No. 88–0080 (D.D.C.), and *United States v. Fernandez,* Crim. No. 89–00150–A (E.D.Va.), except that defendant shall not be permitted access to any documents that refer only to the Lt. Col. Oliver North's personal finances.

2. The government is hereby ORDERED to seek modification of any protective orders issued by other courts that might prevent compliance with this order.

3. The government is hereby ORDERED to submit a report to the court by November 19, 1991 that identifies which of the document requests made by defendant's counsel in his September 23, 1991 letter, and supplemented by a letter dated October 22, 1991, are mooted by this order;

4. Both the government and the defendant are hereby ORDERED to submit to the court by November 19, 1991, a report that suggests what procedures this court might implement in order to manage an *in camera* hearing on the defendant's September 23, 1991 and October 22, 1991 document requests as efficiently as possible.

SO ORDERED.