**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jose Maria URRUTIA–VALLE,
Defendant—Appellant.**

**No. 99–50665.
D.C. No. CR–95–00015–RT.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 2002.*

Decided Feb. 14, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See   Fed. R.App. P. 34(a)(2).

Before TROTT, THOMAS and
WARDLAW, Circuit Judges.

### MEMORANDUM**

Jose Urrutia–Valle appeals his conviction for one count of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846 and one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

■ Upon request of the defendant, the government is required to permit the defendant to inspect any documents "which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense." Fed.R.Crim.P. 16(a)(1)(C). A document is material if it is "relevant to the development of a possible defense." *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir.1990) (quoting *United States v. Clegg*, 740 F.2d 16, 18 (9th Cir.1984)). A defendant seeking discovery is required to make a "threshold showing" of the materiality of the information sought. *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir.1995). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Mandel*, 914 F.2d at 1219; *see also United States v. Cadet*, 727 F.2d 1453, 1466 (9th Cir.1984).

■ In this case, the district court did not abuse its discretion in denying the defendant's two extremely broad discovery requests. The defendant did not make any threshold showing of materiality, or even demonstrate the existence of relevant documents. Indeed, defense counsel freely conceded that he did not "know whether anything like that exists right now." In addition, the government agreed to review its case files and to produce any potentially exculpatory material. Thus, the district court did not abuse its discretion when it refused to compel the government to allow Urrutia–Valle to review the entire files for cases in which he was involved based solely on an assertion that relevant material might exist. *See United States v. Little*, 753 F.2d 1420, 1445 (9th Cir.1984) (holding that defendants' "bald assertions" of sus-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

pected CIA involvement were not sufficient to justify defendants' broad request to review government documents).

## II

The fact that subsequent developments in the case indicated that the government may not have produced potentially exculpatory material does not alter this conclusion. The government's purported failure to adhere to its responsibilities under *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), is not at issue in this case. Thus, although this question is of concern to the Court, it is not before us, and is more appropriately examined in a habeas proceeding.

**AFFIRMED.**