**NORTHROP GRUMMAN CORPORATION, Military Aircraft Division, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 96–760C.**

United States Court of Federal Claims.

March 28, 2007.

---

Joseph F. Coyne, Jr., Sheppard, Mullin, Richter & Hampton, LLP, Los Angeles, California, for plaintiff. With him were Jeffrey N. Eisenstein, Richard B. Clifford, Jr. and Allen Cannon III, Perkins Coie, LLP, Washington, D.C., and Joseph O. Costello, Northrop Grumman Corporation, Los Angeles, California, of counsel.

Deborah A. Bynum, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, for defendant. With her were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, Commercial Litigation Branch, and Lieutenant Colonel Jennifer Grimm, Department of the Air Force, Washington, D.C., of counsel.

## ORDER

HORN, Judge.

The court is in receipt of plaintiff's February 14, 2007 motion to compel the deposition testimony of Darleen Druyun, a former government employee with an inactive security clearance, who has been denied Tri–Service Stand–Off Attack Missile (TSSAM) program access. The plaintiff seeks to solicit testimony from Ms. Druyun utilizing unclassified documents, declassified documents, unclassified redacted versions of classified documents, and classified documents authored or received by Ms. Druyun during her federal employment regarding the TSSAM program, the subject of this litigation. The plaintiff proposes various safeguards for the proposed deposition of Ms. Druyun, including that all transcripts of the deposition would remain classified, the deposition would take place in a secure facility with TSSAM program security personnel present, and all others present at the deposition, with the exception of Ms. Druyun, would possess appropriate security clearances and TSSAM program access.

The defendant consents to having Ms. Druyun deposed and to allowing her access to unclassified, declassified, and unclassified redacted versions of classified documents. The defendant opposes sharing with Ms. Druyun any classified information, either orally or in a written document. To the extent Ms. Druyun's testimony may contain classified information, which she recalls from her memory during the course of responding to questions, the defendant does not object, but requests the following safeguards: 1) security officials must be present during any interview or deposition; 2) if Ms. Druyun

testifies as to classified information already within her knowledge or recollection she must first discuss such testimony with the security officials and confirm that all those present have the authority to receive the classified information; 3) all information disclosed in the testimony is marked and protected as classified information and all procedures to avoid unauthorized access to that information, are put in place; 4) all those present must be cleared for access to classified information as well as for Special Access Program (SAP) information; 5) in advance of the deposition Ms. Druyun is instructed that, (a) she may not have access to any SAP information, and (b) she may not answer any questions with regard to SAP information from her memory without first conferring with the security officer present. The defendant further requests advance access to all documents the plaintiff plans on utilizing during Ms. Druyun's deposition and advance copies of all deposition questions.

In its reply to the defendant's objections and conditions, the plaintiff objects to security measures 1, 3, 4, and 5(a) above, to the extent they are duplicative with current security procedures in place to protect classified information, and objects to procedures 2 and 5(b) as unreasonable and unduly disruptive. The plaintiff agrees to provide the defendant with advance copies of all documents it plans to utilize during the deposition, but does not agree to provide the defendant with a list of proposed deposition questions.

The core of the dispute between the parties regarding Ms. Druyun's proposed deposition, therefore, is not whether she will be deposed, but whether she should be afforded access to selected classified information included as part of questions posed to her, or shown any classified documents during the course of the testimony, and whether to impose certain security measures requested by the defendant in addition to existing security measures already in use during TSSAM litigation depositions. The documents at issue include classified documents Ms. Druyun may have authored, received, or reviewed regarding the TSSAM program during her employment with the federal government. The additional security measures include the

defendant's proposal that Ms. Druyun be required to confirm that all present have appropriate clearances and program access, that she must consult with a program security officer before responding to any question which would divulge classified information, and that the defendant would have the opportunity to review proposed deposition questions in advance. Plaintiff has agreed to defendant's request that plaintiff share advance copies of all documents it plans to utilize at the deposition.

Ms. Druyun was the Air Force's Principal Deputy Assistant Secretary for Air Force Acquisitions and Management during relevant portions of the TSSAM Program. Ms. Druyun has given testimony before Congress which indicated that she had a role in the management of the TSSAM program, including during decisions on program termination in 1995. On April 20, 2004, Ms. Druyun pled guilty to a felony for conspiracy to defraud the United States. When Ms. Druyun's employment was terminated, she was no longer in a position which required a security clearance and special program access. On February 14, 2006, the Defense Industrial Security Clearance Office (DISCO) determined her security clearance to be inactive due to the termination of her employment. Earlier on July 5, 2005, the Special Access Program Central Office (SAPCO) had denied a request for program access for Ms. Druyun.

On October 15, 2004, Northrop Grumman requested a deposition of Ms. Druyun. The defendant replied to plaintiff's request for Ms. Druyun's deposition on October 27, 2004 that her security status precluded a deposition until security personnel cleared her to be deposed. On July 7, 2005, Northrop's proposed deposition of Ms. Druyun was denied, based on the denial of her TSSAM program access request (PAR). Northrop responded on July 8, 2005, stating that it believed Ms. Druyun's denial of program access did not prohibit a deposition and that Northrop intended to take an unclassified deposition, while reserving the right to further depose Ms. Druyun on classified information. Northrop filed its motion to compel the deposition of Ms. Druyun in this court on February 14, 2007 and a reply to defendant's

response on March 7, 2007. The parties have attempted to resolve this matter without court action, but have failed to come to an agreement.

In response to plaintiff's motion to compel, which defendant filed with the court on February 28, 2007, defendant relies on a number of procedural, non-substantive arguments, including that plaintiff's motion is not in compliance with Rule 37(a) of the Rules of the Court of Federal Claims (RCFC). The defendant also argues that the motion to compel is moot, "because the government does not oppose an unclassified deposition of Darleen Druyun." However, the issue of Ms. Druyun's access, during the deposition, to classified information and classified documents she authored or received is not moot.

With respect to the defendant's Rule 37(a) claims, the defendant first asserts that the plaintiff provided notice of the motion to compel on the day the plaintiff intended to file its motion with this court, February 8, 2007, and that failure to provide advance notice violated the reasonable notice requirement of RCFC 37(a). However, the plaintiff did not actually file the motion until February 14, 2007, six days after initial notice was given, after which this court issued an order on February 14, 2007, providing the defendant two weeks in which to prepare a response. In total, the defendant had twenty days in which to prepare a response and contact the plaintiff to try to resolve the issue. Therefore, the purpose of Rule 37(a)'s notice requirement was not frustrated by the plaintiff's failure to provide notice of intent to file this motion to compel prior to February 8, 2007.

The defendant next raises RCFC 37(a)(2)(A), which states that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Defendant states that, "In the interest of resolving the plaintiff's motion to compel without further briefing or intervention by the court, we contacted Northrop's counsel, Joseph F. Coyne, to inform him that we believed that the parties could reach an agreement...."

Subsequent discussions did not result in resolution of the issues. In any event, defendant's speculation about lack of good faith on the part of plaintiff in seeking this deposition was not substantiated by the defendant, and, furthermore, does not assist the court or the parties in trying to resolve the case or the serious security questions at issue.

The relevance of Ms. Druyun's testimony is not disputed. Moreover, based on excerpts from Ms. Druyun's congressional testimony of March 31, 1994, her deposition appears to be relevant to the plaintiff's claims. RCFC 26(b)(1); Fed.R.Evid. 401. The defendant has not asserted that her testimony would violate a privilege, invade a state secret or otherwise be inadmissible.

■ In brief, classified information in this case is governed by applicable Department of Defense (DoD) procedures and this court's protective order filed August 8, 1997. Initially, the DoD undergoes a review process to determine whether an individual may be granted a security clearance. *See* Department of Defense Directive (DODD) 5220.6, Defense Industrial Personnel Security Clearance Review Program, ¶ E2.2.1 (Dec. 2, 2003). This process includes a "careful weighing of a number of variables known as the whole person concept." DODD 5220.6, ¶ E2.2.1. Among factors such as the individual's past and present conduct, the directive establishes separate guidelines for criminal conduct and states, "Conditions that could raise a security concern and may be disqualifying include: Allegations or admissions of criminal conduct, regardless of whether the person was formally charged...." DODD 5220.6, ¶ E2.A10.1.2.

In addition, in order to access TSSAM classified information and documents, after a program access request (PAR) is presented, the program security office must grant an individual program access, in addition to a personal security clearance. *See* DOD 5200.2–R, Personnel Security Program, ¶ C7.1.1 (Jan.1987). Following a program access request, Department of Defense 5200.1–R establishes that "no person may have access to classified information unless that person has been determined to be trustworthy and access is essential to the accom-

plishment of a lawful and authorized Government purpose." DOD 5200.1–R, Information Security Program, ¶ C6.2.1 (Jan.1997). Furthermore, the latter regulation states, "The final responsibility for determining whether an individual's official duties require possession of or access to any element or item of classified information, and whether the individual has been granted the appropriate security clearance by proper authority, rests with the individual who has authorized possession, knowledge, or control of the information and not on the prospective recipient." DOD 5200.1–R, ¶ C6.2.1.

Individuals making access determinations must do so pursuant to Executive Order No. 12,968, which states:

eligibility for access to classified information shall be granted only to employees who are United States citizens for whom an appropriate investigation has been completed and whose personal and professional history affirmatively indicates loyalty to the United States, strength of character, trustworthiness, honesty, reliability, discretion, and sound judgment, as well as freedom from conflicting allegiances and potential for coercion, and willingness and ability to abide by regulations governing the use, handling, and protection of classified information.

Exec. Order No. 12,968, Access to Classified Information, § 3.1(b), 60 Fed.Reg. 40,245, 1995 WL 462254 (Aug. 2, 1995). Furthermore, Executive Order No. 12,968 states that determinations as to program access are discretionary and based on the judgments of trained security personnel. See Exec. Order No. 12,968, § 3.1(b).

Finally, the Department of Defense has a separate directive governing the release of classified information in litigation and for the testimony of Department of Defense personnel. See DODD 5405.2, Release of Official Information in Testimony and Testimony by DoD Personnel as Witnesses (Nov. 21, 2003).

According to this Directive, in making a determination whether to disclose information or release an employee for testimony, the appropriate officer should consider whether the information and testimony would reveal classified information. See DODD 5405.2, ¶ 6.2.5. In this case, after reviewing Ms. Druyun's personal history, the Defense Industrial Security Clearance Office (DISCO) determined her security clearance to be inactive due to the termination of her employment, and that, without an active clearance, she did not meet the qualifications to be accessed into Special Access Programs.

The plaintiff cites *United States v. Libby*, 429 F.Supp.2d 18, 20 n. 2 (D.D.C.), *amended by*, 429 F.Supp.2d 46 (2006), for the proposition that an individual without a security clearance nevertheless may access classified documents which he or she previously was granted permission to review. The *Libby* case, however, is distinguishable from the present case. In the *Libby* case, access to classified information was uncontested by the government in order to allow him to prepare a defense to charges of which he had not yet been convicted and was presumed innocent. *Id.* The other cases cited by the plaintiff likewise involve a criminal defendant's ability to access classified documents to prepare a criminal defense to directly related charges. *Id.* at 20.[1] Without access to the classified material, the criminal defendant might not have been able to defend against the charges filed against him or her, a different situation from the civil, contract case before this court, in which the disclosure of classified material to a third party convicted felon is not a constitutionally complicated issue.

Ms. Druyun is a convicted felon, who officially has been denied access to the TSSAM program. Moreover, the government is contesting Ms. Druyun's access to classified information. In addition, there is a likelihood that given Ms. Druyun's position towards the top of the reviewing chain, but not at the

---

1. See *United States v. George*, 786 F.Supp. 11, 16 & n. 7 (D.D.C.1991) (holding a criminal defendant was entitled to access classified pleadings when the defendant and counsel had the requisite security clearance and a protective order greatly diminished the danger of disclosure); *United States v. Poindexter*, 727 F.Supp. 1470, 1473 & n. 3–4 (D.D.C.1989) (allowing the criminal defendant access to classified documents pursuant to the Classified Information and Procedures Act, 18 U.S.C. § 4 (1948), as amended (1994), which established procedures for handling classified information in criminal litigation).

zenith, in the Air Force procurement office, there are other government employees, or former government employees, who hold or could be given the appropriate security clearance and program access, and who could be deposed regarding many, if not all, of the matters at issue.

The United States Supreme Court, in *Department of the Navy v. Egan*, 484 U.S. 518, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988), held that, "the protection of classified information must be committed to the broad discretion of the agency responsible, and this must include broad discretion to determine who may have access to it." *Id.* at 529, 108 S.Ct. 818. Therefore, "courts traditionally have been reluctant to intrude upon the authority of the Executive in military and national security affairs." *Id.* at 530, 108 S.Ct. 818; *see also Cheney v. Dep't of Justice*, 479 F.3d 1343, 1351–52, 2007 WL 624367, at *8 (Fed.Cir. 2007) ("Neither the [Merit Systems Protection] Board nor this court may review the underlying merits of an agency's decision to suspend a security clearance."); *Hesse v. Dep't of State*, 217 F.3d 1372, 1377 (Fed.Cir. 2000) ("Executive Branch agencies must be given broad discretion in making security clearance determinations, and [ ] it would be improper, without a clear directive from Congress, to allow a nonexpert body, such as the Merit Systems Protection Board, to review the merits of such determinations."), *cert. denied*, 531 U.S. 1154, 121 S.Ct. 1103, 148 L.Ed.2d 974, *reh'g denied*, 532 U.S. 991, 121 S.Ct. 1647, 149 L.Ed.2d 504 (2001).

The plaintiff asserts in its reply that *Egan's* narrow holding is not controlling since a Merit Systems Protection Board employment action is not under review in this case, as it was in *Egan*. However, courts, including the United States Court of Appeals for the Federal Circuit, have relied on *Egan* for the broad proposition that courts lack expertise to review the merits of a security decision. *See Hesse v. Dep't of State*, 217 F.3d at 1377 (citations omitted) (the policy of deferral to Executive Branch discretion and expertise in security clearance determinations has been applied by the courts "in a variety of other contexts.") (citations omitted); *Dorfmont v. Brown*, 913 F.2d 1399,

1401 (9th Cir.1990) (in a case involving revocation of the security clearance of a defense contractor employee, the Ninth Circuit Court of Appeals stated, "When it comes to security matters, a federal court is 'an outside nonexpert body.' We have no more business reviewing the merits of a decision to grant or revoke a security clearance than does the MSPB. Thus, the reasoning behind *Egan* precludes this type of judicial review."), *cert. denied*, 499 U.S. 905, 111 S.Ct. 1104, 113 L.Ed.2d 214 (1991).

If this court were to grant the plaintiff's request to depose Ms. Druyun using classified information and unredacted classified documents, it would be in disregard of the security determinations made by authorized program security officers, charged with the responsibility to make those determinations. The fact that Ms. Druyun authored or received these documents in the past, at a time she possessed the requisite security clearance and program access does not, in this court's opinion, overcome the fact that she now possesses neither the requisite security clearance nor the program access. Therefore, Ms. Druyun should not be permitted to receive classified information or review classified and special access documents. In this regard, the appropriateness of Ms. Druyun's inactive clearance status and the denial of her special program access have not been challenged.

In this civil case, although the plaintiff will have an opportunity to depose Ms. Druyun utilizing unclassified information and unclassified documents, the court finds no compelling justification to allow Ms. Druyun access to classified information or classified documents, as contained in questions posed to her by counsel or to refresh her memory, when she has not obtained and does not possess the requisite security clearance and program access. A ruling by this court granting access to classified information or classified documents to an individual with an inactive security clearance and who has been denied program access, would effectively ignore the United States Supreme Court's holding acknowledging the authority and discretion of the Executive Branch as to access to classified information. *See Dep't of the Navy v.*

*Egan,* 484 U.S. at 529, 108 S.Ct. 818. Therefore, because appropriate Department of Defense security officers have determined that Ms. Druyun should not be granted either a security clearance or TSSAM special access, and there have been no allegations of impropriety regarding the processes and final decisions not to grant clearance and program access, this court finds that Ms. Druyun, a convicted felon, whose judgment certainly was brought into question by her own behavior and decision making, should not be granted access to classified information.

As to the defendant's proposed security measures, the court finds a number of them duplicative of the security procedures currently in place for handling classified material, established by this court's protective order of August 8, 1997, and the Security Standard Operation Procedures (SSOP) of May 6, 2005, established for the TSSAM program litigation. The plaintiff and the defendant have agreed to implement the defendant's following proposed security measures: authorized security officials must be present during any interview or deposition of Ms. Druyun; authorized security officials will ensure that all information is properly marked and protected, and that appropriate procedures are followed with Ms. Druyun to preclude any future unauthorized reference to that information; and all individuals present during any portion of an interview or deposition of Ms. Druyun must be cleared for access to the classified information including, specifically, TSSAM special access information. In addition, Ms. Druyun shall be informed that she may not have access to any classified or special access information for any purpose, no matter what form that information takes, including oral questions or documents.

■ Regarding defendant's proposed, but contested measure requesting that Ms. Druyun must confer with security officials before providing an answer that may contain classified information, and requiring that Ms. Druyun be informed that she may not provide an answer containing classified information without first conferring with security officials, the two proposals appear to be unnecessary. Counsel on both sides, and all those present at any interview or deposition, other than Ms. Druyun, will be required to have the requisite security clearance and special access clearance necessary to attend any interview or deposition of Ms. Druyun, in case she testifies as to classified information from her memory. In addition, any transcript of the deposition must be taken by a reporter with the appropriate clearance and special access and will be classified and remain so at the discretion of the appropriate security officials. Plaintiff agrees to provide the defendant with copies of all unclassified or redacted documents which it intends to use for a deposition of Ms. Druyun and, therefore, presumably also for any interview of her. Plaintiff, however, should not be required to provide the defendant with copies of all proposed questions, as timely objections and oversight by the security personnel present will prevent the disclosure of any privileged or classified information, which Ms. Druyun is unauthorized to receive. To require the plaintiff to provide questions in advance would be to limit or make extremely unwieldy follow up questions by either counsel, and could allow an undue advantage to one side in this adversary process. Both counsel conducting any deposition or interview have a responsibility, consistent with their own clearances and special access, not to reveal classified information to Ms. Druyun during their questions at any time during an interview or deposition. Counsel and all present at any interview or deposition of Ms. Druyun are reminded to exercise caution and to be conscientious regarding classification security requirements and this order. All individuals present at any interview or deposition of Ms. Druyun, likewise, should be counseled by the security officials present immediately in advance of the deposition or interview not to reveal classified information to Ms. Druyun.

The plaintiff may conduct an interview or deposition using unclassified documents in a secure environment. Neither party is permitted to show Ms. Druyun classified documents or reveal classified information in questions to Ms. Druyun. To the extent that Ms. Druyun recalls classified information, she may testify to the classified information and follow up questions may be asked, but additional classified information must not be

revealed in the questions posed to Ms. Druyun. The existing security requirements and procedures place a heavy burden on each individual present at any deposition or interview to ensure that each person present, individually, does not commit a breach of the procedures for handling classified information. Furthermore, the security officer(s) present at any deposition or interview is/are encouraged to control the environment at his or her professional discretion, and, of course, may stop questioning at any time. The court will remain available during an interview or deposition of Ms. Druyun, as needed, and the scheduled date and time of the interview or deposition shall be coordinated with the court.

The court partially **GRANTS** the plaintiff's motion to compel the deposition of Darleen Druyun, as to unclassified, formerly classified and now unclassified, and unclassified redacted versions of classified documents,[2] in accordance with this order, applicable DoD procedures, and the security procedures established for the TSSAM litigation. The court **DENIES** the plaintiff's motion to compel the deposition of Darleen Druyun using classified documents or information, regardless of whether the documents or information were authored, received, or accessed by Ms. Druyun prior to her security clearance becoming inactive and the denial of her TSSAM program special access. The deactivation of Ms. Druyun's security clearance and denial of her access to TSSAM program information, shall be strictly respected, and Ms. Druyun shall be informed prior to any interview or deposition that she will not be shown any classified documents and will not have access to any classified information. Defendant's proposed security measures that security officials must be present during any interview or deposition of Ms. Druyun, that security officials will ensure that the information is properly marked and protected,

that appropriate procedures are followed with Ms. Druyun to preclude any future unauthorized references to classified information, identified by Ms. Druyun or others, that Ms. Druyun shall be informed that she may not have access to any SAP information for any purpose, no matter what form that information takes, documents or otherwise, and that all individuals present during any interview or deposition of Ms. Druyun regarding such information must be cleared and must have been granted special access to TSSAM program information, should be covered by existing DoD security procedures and TSSAM litigation procedures for handling classified information. The court, therefore, **DENIES,** in part, the defendant's proposed additional security measures because all present at any interview or deposition shall possess the proper security clearance and TSSAM access, and the deposition transcript, if it contains classified information, shall be appropriately classified and handled accordingly. If Ms. Druyun testifies as to classified information already within her knowledge or recollection, she does not first need to discuss such testimony with program security officials or confirm that all those present have the authority to receive the classified information, since all present must have proper clearance and program access to attend the Druyun deposition or any interview of Ms. Druyun. The plaintiff has agreed to provide access to the defendant of all documents to be used at a deposition and presumably any interview, but need not provide advance text of the questions to be posed to Ms. Druyun.

**IT IS SO ORDERED.**

---

**2.** Both parties have addressed unclassified documents, including redacted versions of classified documents, and appear to have agreed that any such documents may be shown to Ms. Druyun during any deposition or interview by plaintiff. The use of any redacted documents must first be cleared with security personnel to ensure proper redaction. Neither party, however, has raised whether their agreement pertains only to documents previously redacted and/or unclassified, as of the date of this order, or whether there will be a request to redact or reclassify other documents in support of any Druyun deposition or interview. In this regard, the court expects the parties to attempt to amicably and reasonably resolve any such redaction requests before seeking the court's assistance.